**MAGIDA v. CONTINENTAL CAN CO., Inc., et al.**

United States District Court
S. D. New York.

Feb. 11, 1952.

Application to Reargue Denied Feb. 21, 1952.

See also, D.C., 12 F.R.D. 74.

Morris J. Levy, New York City, for plaintiff.

Willkie, Owen, Farr, Gallagher & Walton, New York City (Mark F. Hughes, Vincent R. FitzPatrick, New York City, of counsel), for defendant Continental Can Co., Inc.

LEIBELL, District Judge.

This is an action under § 16(b) of the Securities Exchange Act, 15 U.S.C.A. § 78p(b), instituted by Paul Magida, as a stockholder of Vulcan Detinning Company on behalf of that company, himself and other stockholders, against the Continental Can Company, Inc. to recover certain so-called "short swing profits" of Continental in relation to 4115 shares of Vulcan stock.

Continental's answer to the complaint puts in issue plaintiff's claim to be the owner and holder of stock of Vulcan and that the action is brought on behalf of plaintiff, all other stockholders similarly situated and on behalf of and in the right of Vulcan. The answer also denies that this Court has jurisdiction of the action.

Continental's answer pleads three special defenses. The first is that the sale of a large block of Vulcan stock owned by Continental was at the request of Vulcan, pursuant to an arrangement, approved by stockholders of both corporations, by which Continental divested itself of control of Vulcan as a subsidiary. The defense asserts that any recovery by Vulcan of profits realized by Continental as to the 4115 shares (part of a block of 120,000 shares sold by Continental under the plan) "would be unjust, inequitable and unconscionable".

A second special defense pleaded in Continental's answer is that the 4115 shares were "exempted securities" under a rule of the Securities and Exchange Commission promulgated pursuant to the Act, in that the said stock was acquired by Continental from the executor of the estate of a deceased person, having been held in the estate for a period of two years following the appointment and qualification of the executor.

The third separate defense alleges that plaintiff was not the owner and holder of any shares of Vulcan stock at the time of the purchase of the 4115 shares of Vulcan by Continental, and the subsequent sale of 120,000 shares of Vulcan (which included the 4115 shares) by Continental.

Plaintiff moves for a summary judgment (except as to damages) under Rule 56, F.R. Civ.Proc., 28 U.S.C.A., claiming that there is no genuine issue of a material fact, and that plaintiff is entitled to judgment as to liability as a matter of law.

Defendant Continental in opposing the motion for summary judgment asserts that this Court lacks jurisdiction because the plaintiff is not the real party in interest, that he is only "a front" for others who hope to benefit financially from this litigation. Defendant also contends that the 4115 shares were "exempted securities" to which § 78p(b) of T. 15, U.S.C.A., § 16(b) of the Securities and Exchange Act, does not apply, because they are securities so classified by a rule of the Securities and Exchange Commission. Continental also argues that the sale of the 120,000 shares was the result of an arrangement by which Continental, at Vulcan's request, and with the approval of the stockholders of both corporations, was disposing of a large block

of Vulcan stock, and that under the circumstances Vulcan and any stockholder of Vulcan would be estopped to bring an action under § 16(b) to recover for Vulcan the short swing profit Continental made on 4115 shares of Vulcan stock.

As to these contentions, there are either genuine issues of material facts or a failure to submit on the motion proof of all the relevant and material facts, which makes it impossible or inadvisable for the court to pass upon the question of liability at this time. Further, the many reasons which have been advanced by the Court of Appeals in this Circuit for denying motions for summary judgment apply to this action. See Colby v. Klune, 2 Cir., 178 F.2d 872; Arnstein v. Porter, 2 Cir., 154 F.2d 464; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135. In the Doehler case the appellate court declared that "a litigant has a right to a trial where there is the slightest doubt as to the facts". The appellate court has also condemned "trial by affidavits". [154 F. 2d 471.] This is not a case where both sides in effect say that there is no dispute as to the facts and that only an issue of law is involved. The many and lengthy depositions already taken show the futility of attempting to save time by disposing of this case on a motion for summary judgment, instead of having a full and complete record made before a trial judge, who will be able to see the witnesses, weigh their credibility, develop a full record, and then determine the issues of fact. In closing, it should be noted that this is plaintiff's third motion for summary judgment in this action.

Plaintiff's motion for summary judgment is denied. Settle an order accordingly.

## On Application to Reargue.

I have received a letter dated February 15, 1952, from Mr. Levy, attorney for the plaintiff, a copy of which was sent to defendant's attorneys. I have also received a letter from Mr. Hughes in answer to Mr. Levy's letter. Mr. Levy seeks a reargument of his motion for a summary judgment and Mr. Hughes opposes the appli-

cation. The material part of my opinion of February 11, 1952, denying the motion for summary judgment, is found at pages 3 and 4 thereof. I shall now address myself to the criticism of the Court's opinion, contained in Mr. Levy's letter.

The defendant pleads that the plaintiff is not the real party in interest—that he is only a "front" for others. As to the circumstances under which the plaintiff acquired his ten shares of stock, it may be that facts will develop at the trial which will call for an application of the doctrine of "unclean hands". These will be issues for the trial court.

What the circumstances were, under which the 4115 shares of Vulcan stock were acquired by Continental from an estate, and how and when the estate acquired title thereto, and the application of the Securities and Exchange Commission's rule [Rule C-16A-4] to those transactions—as to those matters there was insufficient proof before me, on which to pass upon the question of the applicability of the Rule as a defense to plaintiff's action. On its face, subdivision (1) of the Rule would appear to be a defense. The exemption is granted to the securities; and the securities involved were the 4115 shares in suit. What would be the need for the Rule, which mentions a two year period of estate ownership, when Sec. 16(b) of the Act applies only to transactions in securities held for less than six months? Plaintiff's attorney contends that the Rule was never intended to benefit any holder of the stock, except the Estate. The Rule does not say so. The Securities and Exchange Commission has not filed any brief amicus curiae.

Finally, as to the defense of estoppel, there are issues of fact presented. Although depositions have been taken and affidavits filed, that phase of this case has not resolved itself into a question of law, solely.

Accordingly, this Court's opinion correctly cited the Colby case [1] the Arnstein case [2] and the Doehler Metal Furniture Co. case [3] in support of the conclusion that

1. Colby v. Klume, 2 Cir., 178 F.2d 872.
2. Arnstein v. Porter, 2 Cir., 154 F.2d 464.
3. Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130.

plaintiff's application for summary judgment should be denied. In the Doehler case the Appellate Court stated that if there was the "slightest doubt" as to the facts, the litigant was entitled to his day in court and the application for summary judgment should be denied. In the Colby case [178 F.2d 873] Judge Frank condemned the "reversion to 'trial by affidavit,'" where there is "an issue of fact, turning on credibility." He stressed the need for the examination of witnesses before the trier of the facts.

Considering the letter of plaintiff's attorney as an application for leave to reargue the motion for summary judgment, the application is denied.