## LINCOLN ROCHESTER TRUST CO. v. McGOWAN, Collector of Internal Revenue.

### Civ. No. 5179.

United States District Court, W. D. New York.

Jan. 22, 1953.

Nixon, Hargrave, Devans & Dey, Rochester, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

Defendant has moved under Rule 56 of the Federal Rules of Civil Procedure to enter judgment for the defendant dismissing the action on the ground that there is no genuine issue of any material fact and that defendant is entitled to a judgment as matter of law.

Plaintiff is the executor and trustee of the last will and testament of Frank M. Harroun, deceased. Upon the estate tax return filed by plaintiff with the defendant Collector of Internal Revenue, a deduction of $80,687.74 was claimed under section 812(d) of the Internal Revenue Code. The deduction was disallowed and a deficiency was assessed in the amount of $17,338.66, which plaintiff paid together with interest amounting to $1,025.87. A claim was made for refund of such payments but it was disallowed and this action was instituted to recover $18,364.53 with interest from December 24, 1948, and costs.

The contentions of the parties revolve around the provisions contained in that part of paragraph "Seventh" of the decedent's will which reads:

"My trustee is hereby authorized to take, from the principal of the trust herein provided for my wife, such sum

or sums as in its sole discretion may be necessary to meet any unusual demands, emergencies, requirements or expenses for her personal needs that may arise from time to time. A letter addressed to the trustee, requesting the payment of such sum or sums and signed by my said wife shall be good and sufficient authority for the payment of such sum or sums, but said letter shall not bind or obligate my said trustee to pay any sum or sums, but the said trustee shall use its discretion solely, and its judgment shall be final and shall be binding and conclusive on all the parties interested herein. This clause is intended to provide for emergencies arising from sickness, accident or failure of investments. Need caused by support by my said wife of, notes signed by her with or endorsed for, or any obligation assumed for another, should not be considered sufficient reason."

The complaint contains the allegation,

"12. The income from the decedent's estate since the date of his death has been greater than the sum actually required for the support and maintenance of the decedent's wife, and no part of the principal has been paid over to or expended for her benefit."

Defendant contends that under Internal Revenue Code § 812(d) and Treasury Regulation 105, §§ 81.44 and 81.46 there is a question of whether or not the bequests to charitable institutions can be ascertained with sufficient accuracy to permit deduction thereof for the purpose of the Federal estate tax.

The question whenever raised seems to have been troublesome to the Courts and generally has been resolved in a further limitation or restriction accompanied by justifiable explanation.

In this Circuit (2d) the Court of Appeals in recent years has written in two cases: DeCastro's Estate v. Commissioner, 2 Cir., 155 F.2d 254, 256, certiorari denied 329 U.S. 727, 67 S.Ct. 82, 91 L.Ed. 630, and Lincoln Rochester Trust Co. v. Commissioner, 2 Cir., 181 F.2d 424. The DeCastro will provided for the invasion of two trusts during the life of his wife if, due to her "illness, accident or other unforeseen emergency" the income of the trusts shall not be sufficient to amply provide for her needs. The Court of Appeals held that the estate was not entitled to the deduction for tax purposes and relied on Merchants National Bank v. Commissioner, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35.

In the Lincoln Rochester (Morse Estate) case the provision in the will was that the trustee " 'is authorized, empowered and directed' " to advance such sums of the principal of the residuary estate as may be necessary for the "proper care, support and maintenance" of the beneficiary. The Court of Appeals followed Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S. Ct. 291, 73 L.Ed. 647, and held that the deduction of the charitable trust by the trustee for the purposes of the estate tax was proper.

The problem in this suit then is to determine whether the language used in the Harroun will, which seems to be limited to invasion in the sole discretion of the trustee only by reason of sickness, accident or failure of investments as related to the beneficiary—wife, falls in line with the Merchants Bank case or the Ithaca Trust case. Until all of the facts are presented to the trier, it is possible that the premise for a just and proper decision would be faulty.

■ Much of the oral arguments related to review of the two cases decided in this circuit and most of the space in the briefs has been devoted to them. However, defendant's motion is directed to the pleadings and resort must be had to the complaint and answer. While it is true that the answer admits, in number, most of the allegations of the complaint, yet the defendant denies that value of the residual trusts to charitable institutions can be ascertained with sufficient accuracy to permit deduction for tax purposes. Plaintiff should have the opportunity on a trial to present to the trier such facts as are relied upon to establish its right to the de-

duction of the residual charitable trusts. Berry v. Kuhl, D.C., 77 F.Supp. 581, affirmed 7 Cir., 174 F.2d 565; Commissioner v. Wells Fargo Bank & Union Trust Co., 9 Cir., 145 F.2d 130; Commissioner v. Bank of America, 9 Cir., 133 F.2d 753.

In Berry v. Kuhl, supra, 174 F.2d at page 566, the will to be construed read:

"Sixth: If by reason of accident, illness or other cause, either Wilma E. Berry or Martha Berry Datus requires funds for this treatment, support or maintenance, I request that the court having jurisdiction of the trust created under this will authorize my trustee to pay to either of them such portion of the principal of the trust fund as the court deems advisable, not exceeding the sum of Five Thousand Dollars ($5,000.00) in any one year."

The question presented was whether payments out of the trust impose a standard limiting the extent of the payments or whether the beneficiary could demand part or all of the $5000 a year according to her unlimited discretion. The Commissioner disallowed the deduction of the present value of an annuity of $5000. The District Court gave judgment for the plaintiff Wilma E. Berry and the Court of Appeals, 7 Cir., Minton, J. (now Associate Justice of the United States Supreme Court) writing, concluded his opinion for affirmance as follows:

"Since the possibility of invasion is remote, and we hold that the will provides a sufficient standard fixed and measurable in terms of money, it follows that the charitable remainder is deductible in full."

In Commissioner v. Wells Fargo Bank & Union Trust Co., supra, the will contained a provision which empowered the trustees to apply such part of the principal as they deemed reasonable to assist the niece in case of her need "on account of any sickness, accident, want or other emergency." The Tax Court found that not all of the income had been paid to the life-beneficiary and with the income from her own securities the income from trust was more than sufficient for her ordinary needs. The gifts to charities were held to be deductible and the Tax Court was affirmed by the Circuit Court of Appeals.

In Commissioner v. Bank of America, supra, the will provided:

"From the said trust property my aforesaid trustee shall pay the sum of Two Hundred Fifty dollars per month to my sister Rebecca S. Mayo, said payments to run from the date of my death, and in case she should, by reason of accident, illness, or other unusual circumstances so require, such additional sum or sums as in the judgment of said trustee may be necessary and reasonable under the existing conditions."

The Commissioner disallowed the deduction in toto. The Board on redetermination allowed the deduction as made by the executor, and, upon appeal, the Circuit Court of Appeals affirmed the judgment of the Board.

The beneficiary here may have large sums available to her from her independent means to meet her living expenses; she may well be living within the income from the trust and have accrued funds therefrom for "emergencies arising from sickness, accident or failure of investments." The determination of the necessity for payments out of principal is not with the beneficiary so that she might dissipate or waste her own property and the income from the trust and then have recourse to the principal of the trust. The trustee is solely responsible for the determination of the necessity for such invasion, which, at present, seems to be limited.

The trial courts in this second circuit have been admonished by its Court of Appeals not to be hasty in granting summary judgments. Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135. And see Magida v. Continental Can Co., D.C., 12 F.R.D. 400, 402; United States v. General Railway Signal Co., D.C. 110, F.Supp. 422. Upon movant rests the burden of demonstrating clearly the absence of any genuine issue of fact. Any doubt

440

as to the existence of such an issue is resolved against movant. Wittlin v. Giacalone, 81 U.S.App.D.C. 20, 154 F.2d 20, 21.

Defendant's motion for summary judgment is denied.