**WITTLIN v. GIACALONE et al.**
**No. 9000.**

United States Court of Appeals
District of Columbia.

Argued Jan. 15, 1946.

Decided March 11, 1946.

Mr. Ellis B. Miller, of Washington, D. C., with whom Mr. Milton W. King, of Washington, D. C., was on the brief, for appellant. Mr. Bernard I. Nordlinger, of Washington, D. C., also entered an appearance for appellant.

Mr. Joseph P. Bailey, of Washington, D. C., for appellees.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

### WILBUR K. MILLER, Associate Justice.

This is an appeal from an order granting summary judgment under Rule 56, Federal Rules of Civil Procedure,[1] for specific performance of a contract for the sale of certain real estate in the District of Columbia. The plaintiffs (appellees) attached to their complaint a copy of a written contract by the terms of which the defendant (appellant) agreed to sell to them the property described therein. They alleged the defendant's failure and refusal to comply, and prayed that she be required to do so.

In her answer, the defendant attempted to justify her refusal to perform by alleging, among other things, that the contract was obtained from her by the fraud and misrepresentation of the plaintiffs. She alleged specifically that her property was encumbered by a deed of trust securing a debt of $19,000, that the plaintiffs knew of the existence of that mortgage debt, and that, prior to the signing of the contract by her, it was agreed between her and "one L. T. Gravatte, Realtor," that the contract should not bind her unless her creditor would permit her to pay her debt prior to its maturity. She says that she signed the contract on a Sunday "in full reliance upon the aforesaid condition." On the following Monday she learned that the creditor would not accept payment before maturity. Thereupon she telephoned Gravatte to inform him of that fact, and was told by him that, having signed the contract, she was bound and would be required to perform.

By granting summary judgment, the lower court held that the pleadings showed there was no genuine issue as to any material fact, and that the plaintiffs were entitled to a judgment as a matter of law.[2] As there were no depositions, no admissions on file, and no affidavits, the court had before it, in considering the motion for summary judgment, only the pleadings consisting of the complaint and answer.

The problem presented is, therefore, whether the answer tendered a genuine issue as to a material fact. The solution depends on whether the answer charges that the plaintiffs obtained the contract by fraud and misrepresentation. If it does, a defense is pleaded which, if sustained by proof, would be sufficient.

The contract is signed at the foot only thus: "L. T. Gravatte, Agent." Following the signature of Gravatte is this language:

"We, the undersigned, hereby ratify, accept and agree to the above memorandum of sale and acknowledge it to be our contract."

Below this sentence appear the signatures of the plaintiffs and the defendant.

The complaint itself does not mention Gravatte. Its exhibit, which is the contract, refers to him as "realtor" and again as "agent." The answer describes him only as a "realtor," which is equivalent to describing him as an agent for some principal. Neither the pleadings nor the contract show specifically whose agent Gravatte was, but, in respect at least of the provision stipulating that Gravatte should hold in escrow the initial cash payment and later dispose of it as therein directed, the contract indicates that he was the agent of both plaintiffs and defendant. Although the record is in this uncertain condition and does not contain from the defendant any sharp, exact allegation that Gravatte, acting for the plaintiffs, obtained the contract by fraud and misrepresentation, we think Rule 56(c), properly interpreted, is elastic enough to permit the court to discern the presentation by the defendant of the vital issue as to whether Gravatte obtained the contract by fraud and, if so, whether he acted for the plaintiffs in practising the fraud upon the defendant.

We are impelled to that conclusion because it is well established that one who moves for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of fact, and that

---

[1] 28 U.S.C.A. following section 723c.

[2] Rule 56(c), Federal Rules of Civil Procedure.

any doubt as to the existence of such an issue is resolved against the movant.[3] The courts are quite critical of the papers presented by the moving party, but not óf the opposing papers. Indeed, Professor Moore says in his work on Federal Practice Under the New Federal Rules:

"Even if the pleading of the party opposing the motion is defective and does not state a sufficient claim or defense, the motion will be denied, if the opposing papers show a genuine issue of fact."[4]

■ We have not failed to observe that the text of the plaintiffs' motion for summary judgment refers to Gravatte as the defendant's agent. It does not state, however, that Gravatte did not in any wise act for the plaintiffs; and, it should be added, the motion for summary judgment is signed only by counsel, is not in affidavit form, and is not properly to be weighed, as far as its factual statements are concerned, in determining whether summary judgment should be granted.

■ Viewed with the liberality which .courts consistently use in construing the papers of the pleader who opposes his adversary's motion for summary judgment, the answer of the defendant tendered a genuine issue concerning the vitally material fact as to whether fraud had been practised on the defendant by one acting for the plaintiffs. The answer is slightly imperfect because it charges inferentially only, and not directly, that Gravatte was the agent of plaintiffs in practising fraud, but we think it sufficiently indicates the existence of a valid defense, concerning which the defendant was entitled to introduce proof, even if it were necessary for the defendant to amend.

It is our view, therefore, that the lower court erred in granting the plaintiffs' motion for summary judgment. The order appealed from is reversed and the cause is remanded, with the direction that the plaintiffs' motion for summary judgment be denied.

Reversed.

[3] Moore's Federal Practice Under the New Federal Rules (1938), vol. 3, pp. 3189–90; Weisser v. Mursam Shoe Corporation, 2 Cir., 127 F.2d 344, 145 A. L.R. 467; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; Rossiter v. Vogel, 2 Cir., 134 F.2d 908;

Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318.

[4] Moore, loc. cit., supra, note 2. To the same effect is the opinion of Judge Cordozo in Curry v. Mackenzie, 239 N. Y. 267, 146 N.E. 375.