## HUNTER v. MITCHELL, President, Civil Service Commission, et al.

### No. 9994.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 12, 1949.

Decided Jan. 23, 1950.

Mr. Claude L. Dawson, Washington, D. C., for appellant.

Mr. Eugene T. Maher, Washington, D. C., Attorney, Department of Justice, of the Bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Assistant Attorney General H. G. Morison and Messrs. George Morris Fay, United States Attorney, Washington, D. C., and Edward H. Hickey, Special Assistant to the Attorney General, were on the brief, for appellees.

Before CLARK, PRETTYMAN, and BAZELON, Circuit Judges.

CLARK, Circuit Judge.

This appeal was taken by the plaintiff below to test the validity of a summary judgment granted on motion of defendant-appellee made pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. Appellant contends that the lower court erred in granting the summary judgment because there is a genuine issue as to a material fact.

The controversy arose when Hunter, an employee of the United States Government, was graded down in his job in the Design Branch at the Philadelphia Navy Yard from Allowance Engineer, P-3, to Mechanical Engineer, P-2. His claim is that this reduction was in violation of his rights as a veteran. Hunter claims veterans' preferences in his job by virtue of the Veterans Preference Act of 1912[1] which

---

1. 5 U.S.C.A. § 648, Act of August 23, 1912, 37 Stat. 413, Sec. 4, c. 350, amended by the Act of February 28, 1916, 39 Stat. 15, Sec. 1, c. 37, to constitute a Bureau of Efficiency but not affecting the veterans preference proviso. By Sec. 17 of

provides: "In the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped or reduced in rank or salary."[2]

Appellant, after serving for approximately 18 months in the peacetime Marine Corps during the years of 1934 and 1935, was honorably discharged. He entered the employ of the United States Government at the Philadelphia Navy Yard in 1939 and at all times thereafter had maintained an efficiency rating of good or better. Despite this, in June 1947, he was reduced in grade while several non-veteran Allowance Engineers, P-3, were retained in the design branch at the navy yard.

After unsuccessfully exhausting his administrative remedies, appellant brought the instant action in the United States District Court for the District of Columbia for a declaratory judgment, a mandatory injunction, and damages. The appellee thereupon moved for a summary judgment supported by affidavit and deposition the gist of which was that appellant's reduction in grade resulted from an overall reorganization of the design branch of the Navy whereby personnel then employed in the branch were assigned to newly created jobs in accordance with their individual capacities and qualifications as determined by the authorities in charge; and that Hunter was assigned to the position of Mechanical Engineer, P-2, on the basis of his comparative qualifications with other employees in the design branch. The basis for the motion was that in as much as appellant's preferential rights only applied in cases where there were "reductions being made in the force", the case presented no genuine issue as to any material fact because he was down graded as a result of a reorganizational plan rather than a reduction in force. Appellant filed a counter-affidavit in which he stated that his down grading was the result of a reduction in force which was proximately responsible for any so-called reorganization plan.

■■■ The lower court granted appellee's motion for a summary judgment, and we hold that it erred in so doing. There is a genuine issue as to a material fact involved in the case, to wit, whether or not the appellant's down grading was the result of a reduction in force or a general reorganization plan in the Design Branch at the Philadelphia Navy Yard. As was said in Sarnoff et al. v. Ciaglia:[3] "In Merchants Indemnity Corporation of New York v. Peterson, 3 Cir., 1940, 113 F.2d 4, 6, we stated that 'summary judgment may not be given under Rule 56 of the Rules of Civil Procedure if there be an issue presented as to the existence of any material fact.' This principle was reiterated in Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, in which we said, 130 F.2d at page 1018: 'Upon a motion for a summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. Ramsouer v. Midland Valley R. Co., D.C.Ark.1942, 44 F.Supp. 523. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment. Weisser v. Mursam Shoe Corporation, 2 Cir., 1942, 127 F.2d 344, 145 A.L.R. 467.' See also Doehler Metal Furniture Co. v. United States, 2 Cir., 1945, 149 F.2d 130, 135."

And again in Frederick Hart & Co., Inc., v. Recordgraph Corporation, 3 Cir., 1948, 169 F.2d 580, 581, it was said that: "It is well-settled that on motions to dismiss and for summary judgment, affidavits filed in their support may be considered for the purpose of *ascertaining whether an issue of fact is presented, but they cannot be*

---

the Act of March 3, 1933, 47 Stat. 1519, the Bureau of Efficiency was abolished, and Sec. 648 of Title 5, containing the proviso is no longer carried as part of the current United States Code. (See 1949 Pocket Part, 5 U.S.C.A. § 648).

**2.** Appellant's rights under this Statute are preserved by 5 U.S.C.A. § 867, Veterans Preference Act of 1944, 58 Stat. 391.

**3.** 3 Cir., 1947, 165 F.2d 167, 168.

*used as a basis for deciding the fact issue."* [4]

In the instant case the affidavits and depositions presented a genuine issue of material fact. We are not prepared to say that the appellee's version must be believed. That question must be left to the triers of fact. It cannot be decided upon a motion for summary judgment.[5]

The case is reversed and remanded for proceedings in accordance with this opinion.

Reversed and remanded.

4. See also Farrall et al. v. District of Columbia Amateur Athletic Union et al., 1946, 80 U.S.App.D.C. 396, 397, 153 F.2d 647, 648.

5. Wyant v. Crittenden, 1940, 72 App.D.C. 163, 167, 113 F.2d 170, 174.