**Frank C. BLISS et al., Appellants,**

v.

**CITY OF FORT WORTH et al., Appellees.**

No. 15683.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 24, 1956.

Rehearing Denied March 30, 1956.

Taylor & Rumph, and Frank Taylor, Fort Worth, for appellant.

R. E. Rouer, Robert R. Goodrich, G. Gordon Whitman, John Gano, Earl C. Morgan and S. G. Johndroe, Jr., Fort Worth, for appellee City of Fort Worth.

Christopher & Bailey, and M. Ward Bailey, Fort Worth, for appellee Allen J. Mallory.

Jack Ray, Fort Worth, for appellee V. O. Cox.

Tilley, Hyder & Law and Robert Hobbs, Fort Worth, for appellee Charles P. Hargis.

Crocker & McDonald and Toy Crocker, Fort Worth, for appellee Lester E. Crocker.

Lattimore & Lattimore and Hal M. Lattimore, Fort Worth, for appellees D. C. Whitehall and E. R. Whitehall.

BOYD, Justice.

Appellants, Frank C. Bliss, A. M. Smith, Jr., Y. E. Lewis, James Childress, W. L. Deubler, J. L. Rumfield, R. D. Witter, Don Thomason, Joe Parker, L. H. Armstrong, Jr., James W. Gilmore, O. D. Thompson, Gayle S. Crawford, Weldon B. Abbott, and James E. Howe, sued appellees, City of Fort Worth, Charles P. Hargis, Allen J. Mallory, E. R. Whitehall, D. C. Whitehall, V. O. Cox, and L. E. Crocker, to set aside and to enjoin the enforcement of a zoning

ordinance of the City which changed the zoning classification of certain lands from residence to commercial classification; to enjoin the City from issuing building permits in accordance with the changed classification; to enjoin the appellees from using the lands for commercial purposes; to enjoin appellees from violating the terms of certain deed restrictions on lands in the area affected by the challenged ordinance; and for a declaratory judgment establishing the validity of the deed restrictions and decreeing the rights of the parties thereunder. Appellants, J. E. Cunningham, Frank E. Morton, F. A. Malden, Glenn L. Boldt, W. W. Blalock, Al Fletcher, T. R. Bishop, B. D. Mathews, C. E. Mabry, C. E. Braswell, O. H. Spradley, Jr., Clarence Graves, Sam J. Chatman, Jr., and John H. Shannon, intervened as parties plaintiff and adopted as their pleadings the original petition of the original plaintiffs. An amended petition was filed by the original plaintiffs and the interveners, which constituted appellants' pleading when the subsequent proceedings were had.

All of the defendants filed motions for summary judgment, and affidavits and exhibits were filed in support of the grounds therefor. Appellants filed an opposing affidavit, and, on a hearing, all motions for summary judgment were sustained.

Appellants alleged that they each owned lands within two hundred feet of the lands which were rezoned; that the questioned ordinance was an amendment of a comprehensive zoning ordinance, and was void on the ground that it was not based upon substantial evidence; that it constituted spot zoning not pursuant to a comprehensive plan; that it was arbitrary, capricious, and unreasonable; that it bore no substantial relation to the public health, morals, or general welfare; that it tended to create rather than to prevent the overcrowding of the land; that it was calculated to destroy rather than to conserve the value of property; that it interfered with and destroyed the most appropriate use of the land; that it created rather than lessened congestion; that there had been no substantial increase in population and no material change in the affected area as to use of property since the City Council, after thorough study of the area following out the comprehensive zoning plan, zoned for commercial use some of the neighboring area; that the portion zoned for commercial use prior to the enactment of the challenged ordinance is adequate for the commercial needs of the area for many years to come; and that such ordinance would create an island of commercial property in the midst of a residential district.

The motion for summary judgment filed by E. R. Whitehall and D. C. Whitehall was sworn to by Hal M. Lattimore, their attorney. Exhibits were attached, as well as supporting affidavits executed by D. C. Whitehall, E. S. Birdsong, City Secretary-Treasurer of the City of Fort Worth, and A. R. McConnell, Director of Planning of the City of Fort Worth. The other appellees adopted the motion for summary judgment filed by E. R. Whitehall and D. C. Whitehall, together with the affidavits and exhibits attached thereto.

Birdsong's affidavit merely stated that the lands involved in the suit were situated within the corporate limits of the City of Fort Worth, and that he deposited in the mails notices of the hearing of the petitions for the changes of zoning classifications. McConnell's affidavit described the situation with respect to classifications existing in the area at the time of the passage of the questioned ordinance. The exhibits included a copy of the challenged ordinance and other matters relating to building restrictions, and maps showing the area with respect to prior existing zoning conditions and the changes effected by the ordinance. If the verified motion for summary judgment is considered as an affidavit to show the nonexistence of issues of fact, it cannot aid us here, as we think the fact allegations of the motion are not essential to the disposition of the appeal, and the assertions that the rezoning is "not spot zoning" and that the area zoned for commercial use by the ordinance was "an island of land zoned for residential purposes in the midst

of property zoned for Commercial E" appear to be conclusions of law and fact, and are as emphatically denied by appellants.

Whitehall's affidavit stated that he attended the session of the Zoning Commission when that body was considering the applications for the changes in the zoning classifications; that "extensive arguments were heard and evidence taken;" that at such hearing, appellants "presented lengthy arguments as to why the zoning change should not be granted, all of which arguments and evidence was patiently listened to by the members of the Zoning Commission;" that "various members of the Zoning Commission asked questions of the witnesses and persons appearing before it regarding the nature of the uses to which the land was presently put * * * and inquired of the experts who appeared, the conditions to be expected with regard to the population, of growth, traffic, the needs of a commercial shopping center and as to the existence of residential dwellings within the area sought to be re-zoned;" that he attended the session of the City Council when the challenged ordinance was considered and adopted; and that "all of the matters raised by the plaintiffs were presented to the Council by way of argument and by way of questions from the councilmen themselves and by way of discussion among the councilmen."

Appellants' opposing affidavit was executed by appellant Bliss, in which it was asserted that there had been no substantial change in the conditions which obtained at the time the comprehensive zoning ordinance was passed by the council; that no substantial increase in the population of the area had taken place; that there had been no substantial change in the use of the property in the area since the comprehensive zoning ordinance was passed; that the ordinance constitutes spot zoning, and was arbitrary and unreasonable; that it was not based on substantial evidence to justify the change; that it had no substantial relation to public health, safety, morals, or general welfare; that it would be detrimental to the interests of appellants and is designed to serve only appellees' private interests; and that appellants purchased or improved their property in the area for residential use in reliance upon the building restrictions and the then existing zoning ordinances.

Article 1011a, R.C.S., Vernon's Ann.Civ. St., is as follows: "For the purpose of promoting health, safety, morals, or the general welfare of the community, the legislative body of cities and incorporated villages is hereby empowered to regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, and the location and use of buildings, structures, and land for trade, industry, residence, or other purposes."

Article 1011c, R.C.S., is in part as follows: "Such regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic, and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality, * * *."

 It is within the power of a city to amend a zoning ordinance adopted in pursuance of a comprehensive plan. Barrington v. City of Sherman, Tex.Civ.App., 155 S.W.2d 1008; Phipps v. City of Chicago, 339 Ill. 315, 171 N.E. 289; Wilcox v. City of Pittsburgh, 3 Cir., 121 F.2d 835; Leahy v. Inspector of Buildings, 308 Mass. 128, 31 N.E.2d 436. But the cases just cited are authority for the proposition that the power to amend can only be exercised when the public good demands it, and that

the amendment must not unreasonably invade the rights of those who buy or improve property with reference to the classification which existed at the time the investment is made.

"The comprehensive scheme necessarily had a future outlook and was invested with a degree of permanency that properly could not be disturbed by an amendment, unless the character and use of the district or surrounding area have so changed that the public's health, morals, safety and general welfare demand it, but not merely because someone wants it done, * * *." Barrington v. City of Sherman, supra [155 S.W.2d 1011].

In Phipps v. City of Chicago, supra [339 Ill. 315, 171 N.E. 293], a case somewhat similar to ours, the court said: "* * * It [the power to amend] could only be exercised when the public good demanded or required that the amendment be made. When appellees bought the land they had a right to rely upon the classification which existed at the time the purchase was made. They also had a right to rely upon the rule of law that the classification would not be changed unless the change was required for the public good."

Also, in Wilcox v. City of Pittsburgh, supra [121 F.2d 837], we find this language: "As conditions are the basis and justification for zoning, clearly a change in the former is essential to a change in the latter."

■ It is clear that the City's power to vary conditions of zoning ordinances should be sparingly exercised and then only for the benefit of the public with due regard to the preservation of the rights of others acquired under original zoning ordinances. Weaver v. Ham, 149 Tex. 309, 232 S.W.2d 704; Clesi v. Northwest Dallas Imp. Ass'n, Tex.Civ.App., 263 S.W.2d 820; Davis v. Nolte, Tex.Civ.App., 231 S.W.2d 471; McQuillin, Municipal Corporations, Third Edition, Vol. 8, p. 118, sec. 25.68.

■ We are of the opinion that the affidavits and exhibits offered in support of the summary judgment are insufficient to show that there is no substantial issue of material fact.

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *" Rule 166–A, subd. (e), Texas Rules of Civil Procedure.

The statement in Whitehall's affidavit that "all of the matters raised by the plaintiffs were presented to the Council" is a conclusion. That these "matters" were presented to the council "by way of argument and by way of questions from the councilmen themselves and by way of discussion among the councilmen" adds nothing in setting forth "such facts as would be admissible in evidence." It is not shown what "matters" were presented, what argument was offered, what questions were asked by the councilmen, or what the councilmen discussed. The assertion that "arguments were heard and evidence taken" by the Zoning Commission is in form a statement of fact; but what the arguments were and what the evidence was which the members of the Commission "patiently listened to," deponent saith not.

■ A supporting affidavit is insufficient if it consists of mere conclusions of law or fact, or a restatement of the allegations in the pleadings. It must state facts, and show that the affiant possesses the knowledge asserted. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318. If Whitehall were permitted to testify exactly as he swore in the affidavit, what would his testimony establish? Clearly it would not demonstrate that appellants could not prove the existence of all or any of the grounds alleged as to the invalidity of the ordinance.

In its brief appellee City says that "Nowhere in the record is there any showing that the City Council of the City of Fort Worth, in passing Ordinance No. 3328, acted in an arbitrary and capricious fash-

ion." The trouble with that argument is that the record has not yet been made. And we could agree with the City that whether a particular ordinance is reasonable or arbitrary is a question of law for the court, without conceding that the court could determine that question of law before there is a determination of the facts. It is not helpful to emphasize the "extraodinary burden" resting upon appellants to show that the action of the council in passing the ordinance was unreasonable, arbitrary or capricious, or for any reason illegal and void. That burden is theirs on a trial, not on a proceeding for summary judgment.

If we concede that appellants' opposing affidavit contained conclusions only, it would still seem that this case stands essentially on the pleadings of the parties. Appellants' right to try the issues ought not to be denied simply because one of the appellees executed an affidavit which, stripped of all matters immaterial to the issue now under consideration, was merely to the effect that the councilmen, after hearing argument and asking questions and talking among themselves, voted for the passage of the ordinance. It is not denied that such was the case. That is why appellants resorted to the court. They want that action reviewed. They alleged that the ordinance is invalid for a number of reasons; that some of the appellees would violate certain deed restrictions if they did what it is alleged they intended to do with their land; and that appellants would be injured in their property rights if the ordinance is permitted to stand and if the other appellees are not restrained from violating the deed restrictions. They therefore ask that the ordinance be declared invalid and its enforcement enjoined, and that the City be restrained from issuing building permits under the ordinance; that the appellees be enjoined from using the property involved for commercial purposes; and that appellants have a declaratory judgment establishing the validity of the deed restrictions and the rights of the parties under them.

In 13 Texas Bar Journal, p. 473, Judge Stayton, speaking of summary judgments, said: "Neither will the remedy be awarded where the issue is inherently one for a jury or judge trial, as generally in instances of intent; exercise of judgment, of discretion, of reasonable care; res ipsa situations; uncertainty; reasonable amount; unliquidated damages; or the like." See, also, McDonald, Texas Civil Practice, Vol. 4, 1954 Cumulative Supplement, p. 31, sec. 17.26.

■■ It may well be that the ultimate facts in the case will be inferred from uncontroverted facts; and, if so, the inferences themselves are facts, and they are "controverted" if reasonable minds could draw different inferences. ·Drawing these inferences is ordinarily the province of the trier of the facts; and summary judgment will not lie in such a situation unless the facts compel, to the exclusion of all others, the inferences which support the summary judgment. Frazier v. Glens Falls Indemnity Company, Tex.Civ.App., 278 S.W.2d 388; Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, and cases there cited; Hunter v. Mitchell, 86 U.S.App.D.C. 121, 180 F.2d 763; Dewey v. Clark, 86 U.S. App.D.C. 137, 180 F.2d 766; Fogelson v. American Woolen Co., 2 ·Cir., 170 F.2d 660; Arnstein v. Porter, 2 Cir., 154 F.2d 464.

■ It has been said that even though an ordinance is amendatory of a comprehensive zoning ordinance, it is presumed to be valid. But of course that presumption is rebuttable. "* * * that presumption disappears when the facts show and it was determined by the court that the City acted arbitrarily, unreasonably, and abused its discretion; that the ordinance is discriminatory and violates the rights of petitioners under the basic ordinance, and does not bear any substantial relation to the public health, safety, morals, or general welfare; that it 'constitutes unjustifiable spot zoning'; and that the ordinance is void." Weaver v. Ham, 149 Tex. 309, 232 S.W.2d 704, 709.

■ Summary judgment is a procedure for promptly disposing of actions

where there is no genuine issue as to material fact. But the procedure should be cautiously applied, and never so as to cut off the right of trial when there is the slightest doubt as to the facts. Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130. If the right to a summary judgment is not clear, it does not exist.

Believing there was error in the judgment, it is reversed and the cause remanded.