Ruth D. CORLEY et al., Appellants

v.

LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE, a corporation, Appellee.

No. 16270.

United States Court of Appeals District of Columbia Circuit.

Submitted Oct. 11, 1961.

Decided Nov. 2, 1961.

Mr. Charles A. Iovino, Jr., Washington, D. C., submitted on the brief for appellants.

Mr. Richard W. Galiher, Washington, D. C., with whom Mr. William E. Stewart, Jr., Washington, D. C., was on the brief, submitted on the brief for appellee.

Before WILBUR K. MILLER, Chief Judge, and WASHINGTON and BURGER, Circuit Judges.

WILBUR K. MILLER, Chief Judge.

Ruth Corley and her husband sued John E. Lockhart and Life and Casualty Insurance Company, his employer, to recover for personal injuries and property damage sustained when Lockhart's automobile collided with the Corley car on Friday, March 15, 1957, at the intersection of 7th and L Streets, S. E., in the District of Columbia.

On the theory that Lockhart was not acting within the scope of his employment, the company moved for summary judgment. After considering depositions and affidavits, the trial court made findings of fact that at the time of the accident Lockhart was operating his own automobile, was not then in the employ of the insurance company, and therefore was not operating the automobile as its agent, servant or employee, but was on his own personal business. Accordingly, summary judgment was granted to the insurance company and this appeal followed.

The action against Lockhart, who has been adjudicated a bankrupt, is not involved here. The sole question is, was a genuine issue of material fact raised as to whether Lockhart was acting within the scope of his employment when the accident happened?

It appears from the depositions and affidavits that, at the time of the accident, Lockhart was an insurance salesman employed by the company at a salary of $35.00 per week plus commissions, with an allowance of $3.50 per week toward the expense of operating his own car in covering the territory in which he collected premiums. The scene

of the accident was not within the area assigned to him. It appeared that he usually devoted only four days a week to company business, and ordinarily did not choose to work on Friday. His affidavit stated he was not engaged in any activity on behalf of the company on the Friday when the accident occurred, but had visited his mother-in-law's home and was on the way from there to see his brother-in-law at a gas station where the latter was employed, with the intention of buying tires for his car. His deposition was to the same effect. An affidavit of the company manager stated the accident happened outside Lockhart's "debit area," that is, his assigned territory, and "upon information and belief" concluded Lockhart was not acting within the scope of his employment at the time of the collision.

The affidavit of an attorney for the Corleys said he was present at a hearing in the Corporation Counsel's office when Lockhart made certain statements in connection with his activities on the date of the accident, March 15, 1957, and heard Lockhart say

"* * * that just prior to the accident he had delivered an insurance policy and he was going to acquire new tires for his car at which time he expected to make a sale of an insurance policy to a person at the service station where he intended to buy the tires, and that when he had finished with this he had another prospect to call upon."

The affidavit which recited these alleged admissions was enough to raise a genuine issue of material fact as to whether he was acting within the scope of his employment, if it "set forth such facts as would be admissible in evidence," as required by Rule 56(e), Federal Rules of Civil Procedure, 28 U.S.C.A. We think the rule does not require an unequivocal ruling that the evidence suggested in this particular affidavit would be admissible at the trial as a condition precedent to holding the affidavit raises a genuine issue. In many cases, it is possible to say without qualification that evidence recited in an affidavit under Rule 56(e) would or would not be admissible; but it is not so here. Admissibility of testimony sometimes depends upon the form in which it is offered, the background which is laid for it, and perhaps on other factors as well.

It is therefore possible, and perhaps probable, that Lockhart's alleged admissions out of court will be admissible. In the particular circumstances here involved, this is sufficient to defeat the motion for summary judgment, because courts are inclined to hold the movant to a strict demonstration that no genuine issue exists.

It is argued for the company that Lockhart's statements at the Corporation Counsel's office were not a part of the res gestae, and were therefore clearly inadmissible. That the statements were not a part of the res gestae is not conclusive. At a trial, the District Court must resolve the question of admissibility, not only on the basis of the form in which the testimony is offered and the background which is shown, but also in the light of our prior decisions, such as the Murphy Auto Parts case [1] and Koninklijke Luchtvaart Maatschappij, etc. v. Tuller.[2]

It is also argued by appellee that Lockhart's admissions constituted "the alleged statement of a claimed agent standing alone, offered for the purpose of proving agency," and so were inadmissible under the principle that agency cannot be proved by the declarations of the person whose agency is sought to be established.

The fact that Lockhart was an agent of the company was otherwise amply estab-

1. Murphy Auto Parts Co., Inc. v. Ball, 101 U.S.App.D.C. 416, 249 F.2d 508 (1957), cert. denied 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415 (1958).

2. 110 U.S.App.D.C. 282, 292 F.2d 775 (1961).

lished and indeed admitted; so, testimony concerning his statements before the Corporation Counsel would not be offered to establish agency, but rather to show that at the time in question he was acting for his principal, within the scope of his employment. The question whether he was or was not so acting is quite different from the question whether agency existed at all.

In our view, a genuine issue of material fact as to whether Lockhart was acting within the scope of his employment was raised by the affidavit which set forth his alleged statements at the Corporation Counsel's office. For that reason summary judgment should not have been granted to the insurance company.

Reversed and remanded.