Khalil SEMAAN, Appellant,

v.

L. Quincy MUMFORD, Librarian of
Congress, Appellee.

No. 18030.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 27, 1964.

Decided June 18, 1964.

Burger, Circuit Judge, dissented.

Mr. John I. Heise, Jr., Washington,
D. C., for appellant.

Mr. Robert D. Devlin, Asst. U. S. Atty.,
with whom Messrs. David C. Acheson,
U. S. Atty., Frank Q. Nebeker and Mrs.
Ellen Lee Park, Asst. U. S. Attys., were
on the brief for appellee.

Before BAZELON, Chief Judge, and
BURGER and WRIGHT, Circuit Judges.

BAZELON, Chief Judge:

Alleging that he was illegally dis-
charged from his position at the Library
of Congress, appellant brought this suit
for reinstatement. The District Court
granted the Librarian's motion for sum-
mary judgment and dismissed the action.
This appeal followed.

Appellant makes two principal claims.
First, he asserts that he was denied cer-
tain procedural safeguards which, he
says, are required by Library regulations
even for probationary employees (now
called "conditional" employees). Second,
he contends that he was entitled to the

additional safeguards governing discharge of permanent employees,[1] because he was entitled to conversion from probationary to permanent status under the Library's regulations.

In considering these questions, we emphasize the duty imposed on the trial court on a motion for summary judgment, and on this court upon review of such a motion, of requiring that the movant meet the burden of clearly demonstrating that there is no material issue of fact and that he is entitled to judgment as a matter of law.[2] Accordingly " * * * a party opposing summary judgment is entitled to the benefit of all favorable inferences that may reasonably be drawn from the evidence for the purpose of defeating summary judgment." [3]

Even under these standards appellant's first claim is meritless. It is clear from both of the applicable regulations [4] that a probationary employee is not entitled to appeal his dismissal.

As to appellant's second point, the Library asserts that its regulations do not compel it to convert any employees to permanent status. In any event, it says that appellant was not qualified for conversion since his superiors were dissatisfied with his performance throughout his employment. Semaan contends, however, that after he had served his one-year qualifying period—without any complaints and indeed with praise at one point—he was notified personally by a member of the personnel office that he had satisfactorily completed that period. Thereafter he was given privileges and responsibilities which by rule or custom were not given to probationary employees. He asserts that "in all respects, save written notification of personnel conversion which was arbitrarily withheld, plaintiff's appointment was converted to permanent."

The record does not reveal matters which should have caused appellant to believe that written notification was required. Nor is it shown that he had any other indication that he had not been converted. Moreover, it does not appear that written notification was, in fact, a required step in the conversion procedure.

1. Such safeguards include the right to receive notice of an impending disciplinary action and to appeal the recommendation of the Director of Personnel to a board of appeal comprised of fellow employees, or to receive a hearing and an opportunity to present witnesses on a direct appeal to the Librarian. See Library of Congress, General Order No. 1177 (1943).

2. See 6 MOORE, FEDERAL PRACTICE ¶¶ 56.15 [1], 56.15 [3] (2d ed. 1953). "To warrant its entry the facts conceded by the * * * [party opposing summary judgment], or demonstrated beyond reasonable question to exist, should show the right of the * * * [moving party] to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the * * * [party opposing] would not be entitled to recover under any discernible circumstances. * * * And all reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment." Traylor v. Black, Sivalls & Bryson, Inc., 189 F.2d 213, 216 (8th Cir. 1951), quoted in 6 MOORE at 2115–16. And see Hunter v. Mitchell,

86 U.S.App.D.C. 121, 122, 180 F.2d 763, 764 (1950); Dewey v. Clark, 86 U.S.App. D.C. 137, 143, 180 F.2d 766, 772 (1950). "[T]he moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." 6 MOORE at 2339. See Wittlin v. Giacalone, 81 U.S.App.D.C. 20, 22, 154 F.2d 20, 22 (1946).

3. 6 MOORE at 2114.

4. Library of Congress, General Order No. 1177 (1943):
"9. * * * A * * * probationary employee may not appeal to a board established under this order the termination per se of his employment * * * within its probationary period, since such termination does not constitute a grievance."
Library of Congress, General Order No. 1728 (1960):
"Section 7. Separation during qualifying period
"a. When it becomes apparent during the qualifying period that the staff member is not fit for his position * * *, he may be separated from the Library without right of appeal."

In short, as far as Semaan knew, there was no reason for him to invoke the Library's grievance procedures [5] to request conversion, as he might have done had he not been led into thinking conversion had occurred.

We need not decide whether the facts alleged by appellant establish that his conversion was mandatory, because we think it is plain that his affidavits and exhibits encompass facts which, if true, estopped the Library from denying him the rights of a permanent employee upon his dismissal.[6] He offered to prove facts which would establish that he was led by the Library to believe he was permanent, that he relied on this course of conduct to his detriment, and that the Library, by refusing to afford him the safeguards of a permanent employee, sought to adopt a position inconsistent with its prior conduct. Since these facts would constitute an estoppel, it was error to deny him the opportunity of proving them.[7]

The case is reversed and remanded to the District Court for further proceedings not inconsistent with this opinion.

So ordered.

BURGER, Circuit Judge (dissenting):

Although I agree with the majority that the pleadings of the party opposing summary judgment should be liberally construed and given the benefit of all reasonable inferences of fact, the estoppel theory relied upon by the majority was not presented by appellee Semaan in either the District Court or this court and there is nothing in the record to support a holding on that basis. I see no basis for disturbing the action of the District Court.

---

5. Under Library of Congress, General Order No. 1177 (1943).

6. "The doctrine of * * * estoppel must be applied with great caution to the Government and its officials. But in proper circumstances it does apply." Vestal v. C. I. R., 80 U.S.App.D.C. 264, 268, 152 F.2d 132, 136 (1945). For a discussion of the case law delineating the proper circumstances, see Smale & Robinson, Inc. v. United States, 123 F.Supp. 457, 464–466 (S.D.Cal.1954) ; United States v. Certain Parcels of Land, 131 F.Supp. 65, 73–75 (S.D.Cal.1955). Since the Government agency to be estopped here possessed the authority to do what it appeared to be doing, was not depriving the public of the protection of any statute, and was acting in a proprietary capacity *qua* employer,

there is no reason to bar an estoppel here. See generally 2 DAVIS, ADMINISTRATIVE LAW TREATISE §§ 17.01, 17.02, 17.03, 17.09 (1958, Supp.1963). Cf. Crawford v. Board of Education, 20 Cal. App.2d 391, 67 P.2d 348 (Dist.Ct.App. 1937) ; Briney v. Santa Ana, 131 Cal. App. 357, 21 P.2d 610 (Dist.Ct.App.1933).

7. Although the estoppel theory was not explicitly argued below, it was plainly encompassed by the pleadings and was clearly a "discernible circumstance" from the record before the court. See note 1 *supra*. See also Filson v. Fountain, 84 U.S.App.D.C. 46, 171 F.2d 999 (1948), reversed in part, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971, rehearing denied, 337 U.S. 921, 69 S.Ct. 1153, 93 L.Ed. 1730 (1949).