Lottie F. JOHNSON et al., Appellants,

v.

INTER–CITY MORTGAGE CORP. et al.,
Appellees.

Calvin WEATHINGTON et al., Appellants,

v.

INTER–CITY MORTGAGE CORP. et al.,
Appellees.

Nos. 9822 and 9823.

District of Columbia Court of Appeals.

Argued June 23, 1976.

Decided Nov. 2, 1976.

Josiah Lyman, Washington, D.C., with whom Bernard P. Platshon, Washington, D.C., was on the brief, for appellants.

Claude W. Roxborough, Washington, D. C., for appellees.

Before FICKLING, KERN and MACK, Associate Judges.

FICKLING, Associate Judge:

Appellants brought these actions to set aside foreclosure sales of their real property. Appellees moved for summary judgment pursuant to Super.Ct.Civ.R. 56, which was granted by the trial court. This appeal followed.

Appellants primarily contend that appellees were not entitled to summary

judgment as a matter of law because the trustees had conflicting interests.[1] We disagree and, therefore, we affirm.

The following undisputed facts are clear from the record. Appellants owned property in the District of Columbia. Both of these parcels of land were secured by Federal National Mortgage Association mortgages payable to appellee Inter-City Mortgage Corp. (hereafter Inter-City). To obtain these mortgages, the appellants signed promissory notes secured by deeds of trust on their respective properties. These notes contained acceleration clauses exercisable, at the option of the lender, upon borrower's default.[2] Appellees George B. Murchison and John P. Murchison, Jr., (hereafter the Murchisons) were named as trustees on each of these deeds of trust. In addition to serving as trustees, the Murchisons were also officers and controlling stockholders of Inter-City. After repeated monthly defaults by each appellant and after notice to appellants, the Federal National Mortgage Association exercised its option under the acceleration clauses to declare the entire principal sum, plus interest, on each note to be due and payable. The appellants defaulted on these accelerated balances by offering to pay the arrearages only. The Murchisons instituted foreclosure proceedings as authorized by the deeds of trust. On September 24, 1974, both premises were sold at public auctions.

Summary judgment is appropriate only when the pleadings and affidavits before the court show that there is no issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. *Yates v. District Credit Clothing, Inc.*, D.C.App., 241 A.2d 596, 598 (1968); Super.Ct.Civ.R. 56(c).[3] Moreover, "one who moves for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of fact, and . . . any doubt as to the existence of such an issue is resolved against the movant." *Wittlin v. Giacalone*, 81 U.S.App.D.C. 20, 21–22, 154 F.2d 20, 21–22 (1946), as quoted in *Malcolm Price, Inc. v. Sloane*, D.C.App., 308 A.2d 779, 780 (1973). The dispositive facts in the instant case are not in dispute. Our question, then, becomes whether the moving party was entitled to the grant of summary judgment as a matter of law.

Appellants contend that the Murchisons, as trustees, violated their fiduciary duties by instituting foreclosure proceedings after appellants' defaults. We disagree.

In support of their contention that trustees who are also representatives of the lender cannot participate in a foreclosure proceeding without breaching the fiduciary duties they owe to the borrower, appellants rely heavily on *Sheridan v. Perpetual Building Ass'n*, 112 U.S.App.D.C. 82, 299

---

1. Appellants also contend that Inter-City Mortgage Corp. improperly refused tender of all arrearages after the notes had been accelerated. We find this contention to be without merit. *Har-Rich Realty Corp. v. American Consumer Industries, Inc.*, 122 U.S.App.D.C. 88, 89, 351 F.2d 785, 786 (1965). We further find appellants' contentions—that they did not receive adequate notice of foreclosure and that the public auctions were improperly held—to be without merit.

2. The acceleration clause in each promissory note read as follows:
    If default be made in the payment of any installment under this Note, and if the default is not made good prior to the due date of the next such installment, the entire

principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this Note. Failure to exercise the option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

3. Super.Ct.Civ.R. 56(c) provides in part that: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

F.2d 463 (1962). We find this reliance to be misplaced.

 *Sheridan* requires a fiduciary with conflicting interests to bear the burden of proving that he has acted in a manner faithful to his trust obligations. *Id.* at 84, 299 F.2d at 465. It is true that the practice of allowing major stockholders and officers of the lender to serve as trustees under a deed of trust is "subject to suspicion and criticism." *Id.* at 83, 299 F.2d at 464. However, this is not to say that a mere showing of a conflict of interest is enough to find that the Murchisons breached their fiduciary obligations in the instant case. To find such a breach, there must also have been a showing of neglect of duty or of misconduct by them as trustees. *Hotel Lafayette, Inc. v. Pickford,* 66 App.D.C. 211, 215, 85 F.2d 710, 714 (1936); *see National Life Insurance Co. v. Silverman,* 147 U.S.App.D.C. 56, 73–74, 454 F.2d 899, 916 (1971). There has been no such showing in the instant case.

The broad language of *Sheridan* must be read in context. *Sheridan* was not an action to set aside a foreclosure sale.[4] The record there did not reveal a history of chronic defaults, as in the instant case. Moreover, *Sheridan* did not involve a default after the exercise of a valid acceleration clause.

 *Har-Rich Realty Corp. v. American Consumer Industries, Inc.,* 122 U.S.App.D.C. 88, 351 F.2d 785 (1965), involved a fact pattern closer to that of the present case. There, the trustees on a deed of trust had interests in common with those of the lender.[5] After chronic defaults, an acceleration clause was exercised and the mortgagor defaulted on the accelerated amount. As in the instant case, a foreclosure sale was then held. In refusing to grant the mortgagor's motion to set aside that sale, the trial court in *Har-Rich* stated:

> There is no allegation [here] of misconduct in any respect whatever, and no basis is made to appear upon which the auction should have been declared void. [*Id.* at 90, 351 F.2d at 787.]

We find this case to be controlling.

Since there are no disputes as to material facts in this case, and since the moving party was entitled to judgment as a matter of law, the court below correctly granted appellees' motion for summary judgment. Accordingly, we affirm.

*Affirmed.*

---

4. Historically, courts of equity have been more inclined to enjoin a prospective foreclosure sale than they have been to set aside a completed one. *Anderson v. White,* 2 App.D.C. 408 (1894).

5. The trustees in *Har-Rich* were attorneys for the mortgagee. *Har-Rich Realty Corp. v. American Consumer Industries, Inc., supra* at 90, 351 F.2d at 787.