452

HARPER v. GALLIHER & HUGUELY, Inc.,
et al.*

Court of Appeals of the District of Columbia.

Submitted October 3, 1928. Decided
November 5, 1928.

No. 4678.

Lorenzo A. Bailey, of Washington, D.
C., for appellant.

M. M. Doyle, H. W. Wheatley, J. A.
O'Shea, J. H. Burnett, George C. Shinn, and
Vernon B. Lowrey, all of Washington, D.
C., for appellees.

Before MARTIN, Chief Justice, and
ROBB and VAN ORSDEL, Associate Justices.

*Certiorari denied 49 S. Ct. 185, 73 L. Ed. —.

MARTIN, Chief Justice. This is an appeal from a final decree of the lower court declaring and enforcing five several mechanics' liens asserted by the appellees, for the price of certain building materials furnished by them to the principal contractor for the construction of buildings upon the appellant's property. The following is a list of the liens, together with the sums claimed as unpaid, and the dates of their filing, to wit: Harwood & Langley, $1,007.13, filed March 28, 1925; E. G. Shafer & Co., $615.-72, filed April 11, 1925; W. T. Galliher & Bro., $700.50, filed April 20, 1925; Galliher & Huguely, $535.36, filed May 14, 1925; and M. C. Huddleston & Co., $1,100, filed June 18, 1925. These claims were sustained in full by the lower court; hence this appeal.

It appears that on July 24, 1924, Harper, the appellant, being the owner of a city lot in the District of Columbia, entered into a written contract with one Shelton, a building contractor, wherein it was agreed by the parties that Shelton should provide the necessary materials and labor and should erect a residence and garage upon Harper's lot, according to certain plans and specifications prepared by one Moss, who was to be the supervising architect of the work, the construction to be completed "at the earliest possible time." It was stipulated in the contract that the total price of the materials and construction should be $17,000, payable only upon certificates of the architect, in the following installments, to wit: $2,800 when first floor joists are on, $2,800 when second floor joists are on, $2,800 when buildings are under roof, $2,800 when plastered, $2,800 when trimmed out, and $3,000 when finished. It appears that Shelton began the construction in August, 1924, and partly completed it, but on February 3, 1925, having become physically disabled and unable to engage in the work personally, he wholly and finally abandoned the contract, leaving part of the construction unfinished. It appears, however, that prior to the abandonment of the work Shelton had finished extra work upon the buildings at Harper's express request, to the value of $1,345. During the progress of the work, Harper paid to Shelton the aggregate sum of $12,200, and after the abandonment of the contract Harper was compelled to pay the sum of $3,700.20 for the completion of the buildings. Accordingly the sum of $2,444.80 remained in Harper's hands, after deducting from the price of the construction and extras the sums already paid to Shelton and the cost of completing the buildings. This sum, therefore, should be

distributed among appellees according to the amount and standing of their several claims.

As to the liens claimed respectively by Galliher & Huguely and M. C. Huddleston & Co., we are convinced that both are invalid, for the reason that neither was filed within the time limited by statute. Under section 1238, D. C. Code, a mechanic's lien, if filed by an original contractor, must be filed either during the construction of the improvement or within three months after its completion. Under section 1239, D. C. Code, the same limitation applies to subcontractors' liens. Neither of the two liens now in question was filed during the construction of the improvement, for that term is not applicable to the time when Harper was occupied in completing the buildings after the abandonment of the contract by Shelton. Winter v. Hazen-Latimer Co., 42 App. D. C. 469. Nor was either filed within three months after the completion of the buildings, for the abandonment of the work by the original contractor is deemed in law to be a completion of it for the purpose of filing mechanics' liens by subcontractors and materialmen, and in such case the three-months period begins to run at that date.

"The abandonment of work upon a building is deemed a completion of the building for the purpose of fixing the time for filing a claim of lien." 40 C. J. p. 192, § 224, "Mechanics' Liens." "And so, when the contractor abandons his contract, the work under it must be regarded as completed within the meaning of the statute, else the subcontractor could not enforce his lien at all, when the owner has seen fit to pay off the contractor. * * * And where the principal contractor abandons his contract after having done work under it, his subcontractors must present their claims within 10 days after such abandonment and cannot postpone the presentation until the work is completed under a new contract with a stranger to the first one, or is completed by the owner himself." Basham v. Toors, 51 Ark. 309, 316, 11 S. W. 282, 284. "The abandonment of work upon a building is to be deemed a completion of the building, for the purpose of filing a mechanic's lien." Catlin v. Douglass (C. C.) 33 F. 569. "The owner's or contractor's abandonment of the work upon a building is to be deemed a completion of it for the purpose of the filing of mechanics' liens by subcontractors, materialmen, and laborers." 2 Jones on Liens, § 1438.

The date for filing the lien in this case was February 3, 1925; whereas one of the present liens was not filed until May 14, 1925, and the other not until June 18, 1925. Nor can the claim of Galliher & Huguely for the enforcement of their lien by virtue of steps taken by them under section 1246, D. C. Code, be sustained; for that section provides means for the enforcement of such liens only when filed within the limitations of the statutes.

As for the liens asserted, respectively, by Harwood & Langley for $1,007.13, the E. G. Shafer & Co. for $615.72, and W. T. Galliher & Bro., for $700.50, each of which was filed within three months after the abandonment of the contract by Shelton, we are satisfied that they are entitled to be paid pro rata from the money remaining in Harper's hands after the actual completion of the buildings by him, to wit, the sum of $2,444.80, as above set out. Inasmuch as this sum apparently will pay the three liens in full, it is unnecessary for us to pass upon the claim of appellees under section 1241, D. C. Code.

The decree of the lower court is reversed, and the cause is remanded for further proceedings not inconsistent herewith; one-half of the costs of this appeal to be paid by plaintiff; one-half by defendants.