59 N.J. Super. 462 (1960)
158 A.2d 49
APEX ROOFING SUPPLY COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BENJAMIN HOWELL AND ESTHER HOWELL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 8, 1960.
Decided February 11, 1960.
*464 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. Louis Asarnow argued the cause for appellant.
Mr. Hymen B. Mintz argued the cause for the respondents (Mr. Sol Herships, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff materialman instituted a mechanic's lien action in the county district court to recover a general judgment against Castle Construction Co., the building contractor, and a special judgment against the lands and buildings of defendant owners, Benjamin and Esther Howell. The trial court found that the written notice given the owners by plaintiff of its filing of notice of intention did not meet the requirement of N.J.S. 2A:44-71, as amended. Accordingly, judgment was entered in favor of the owners, but against the construction company because it had filed no answer and been defaulted. Plaintiff appeals from that part of the judgment in favor of the owners. The *465 matter is before us on findings of fact and conclusions of law filed by the trial judge after learning that an appeal had been taken.
Benjamin Howell and Esther Howell, brother and sister, jointly owned the property where they made their home. They contracted in writing with Castle Construction Co. for certain repairs to their dwelling. The contract was never filed with the county clerk, as it could have been under the Mechanic's Lien Act, N.J.S. 2A:44-75. Plaintiff furnished Castle with materials for the job totaling $629.07, the amount in suit. These were delivered between May 5 and 20, 1958, the first and largest delivery, on May 5, amounting to $610.40.
Plaintiff claimed that prior to furnishing the materials it filed a mechanic's notice of intention in the office of the county clerk on May 5, 1958, and that on May 9 it notified the Howells of this filing by registered mail, addressed to their home. For some unexplained reason the letter was returned, marked "unclaimed." Plaintiff then put it in an ordinary envelope and re-mailed it. The letter read:
 "May 9, 1958
 Registered Mail
 Return Receipt Requested
 Mr. & Mrs. Benjamin Howell
 872 So. 16th St.
 Newark, N.J.
Dear Mr. & Mrs. Howell:
Congratulations on your choice of Castle Construction Co. to apply Asbestos Siding to your home. As wholesale distributors of this material we know this valued customer will give you an excellent job.
For your protection a Notice of Intention was filed.
With best wishes, we remain
 Very truly yours,
 APEX ROOFING SUPPLY CO.
 MILTON KRIZER, Office Mgr.
 MK/hr"
The letter was received by Benjamin Howell. His testimony, summarized in the findings and conclusions of the *466 trial judge, was: "I read the letter and put it away, as I was not concerned with it. I felt good. I felt protected. I did not turn it over to my sister." He said he did not know what "Notice of Intention," mentioned in the letter, was. He did, however, know what a lien against a house was. His sister Esther testified she had never seen any letter from plaintiff, or had notice of one. She, too, did not know what "Notice of Intention" meant, but did know what a mechanic's lien was.
The trial judge stated the crucial question to be whether plaintiff gave appropriate and timely notice in writing to the owners of the filing of the notice of intention, pursuant to N.J.S. 2A:44-71, as amended. He found that the written notice was "not only indefinite and misleading but * * * couched in wording so ambiguous that it lulled the said Howells into a false sense of security rather than alert and excite them with reference to the particular fact, information and intelligence which the aforesaid statute intended." We agree.
N.J.S. 2A:44-71, as amended, reads, in part:
"Except as hereinafter in this section and in section 2A:44-75 of this Title provided, no one shall be entitled to a lien under the provisions of this article for any labor performed or materials furnished prior to the filing, in the office of the proper county clerk, of a mechanic's notice of intention to perform such labor or furnish such materials.
Notice, in writing, of the filing of any such notice of intention shall be given within 5 days of such filing to the owner of the premises, of the land described therein, personally or by registered mail, to the last known address, and unless such notice to the said owner be so given, the filing of the said notice of intention shall have no force or effect."
The second paragraph was added by L. 1957, c. 232, § 1.
In attacking the judgment under appeal plaintiff argues that the statute prescribes no specific form of notice, so that as long as the notification informs the landowner that a notice of intention has been filed, any other language in the written notice may be considered harmless surplusage. *467 citing in support the language of the court which appears in Wilson v. Long Branch, 27 N.J. 360 (1958), bottom of page 383. We do not consider that case apposite. It dealt with the Blighted Area Act, N.J.S.A. 40:55-21.1 et seq., and the public notice of hearing to determine whether an area is blighted that must be given under N.J.S.A. 40:55-21.4.
In the absence of express provision, the form and contents of a notice required by a statute must depend upon the wording of the statute construed in the light of its intent and purpose. Cf. Portage Shoe Mfg. Co. v. Reich, 53 N.J. Super. 600, 605 (App. Div. 1959); and see 2 Merrill on Notice, § 754, p. 169 (1952). It has been pointed out that mechanics' and materialmen's liens in New Jersey are exclusively statutory in origin, and being in derogation of the common law, the provisions of the statute giving rise to the lien are to be strictly construed, while those relating to the enforcement of the lien created are to be liberally construed to effectuate the remedial statutory policy of rendering the lands and buildings collaterally liable for the payment of the price or value of work performed and materials furnished in the erection or repair of the buildings. Columbia Lumber & Millwork Co., Inc. v. De Stefano, 12 N.J. 117, 123 and 127 (1953); Heljon Management Corp. v. Di Leo, 55 N.J. Super. 306 (App. Div. 1959). The statutory lien, being a cumulative remedy for the enforcement of the underlying debt, does not materialize until all the statutory requisites are met. Friedman v. Stein, 4 N.J. 34, 41 (1950). A claimant's status is that of a general creditor only until he has done all things necessary to give him the security of the statutory lien.
The purpose of the requirement of written notice to the landowner of the filing of a notice of intention is to inform him that his property may become liable for the labor provided or the materials used in improving it. If, in the face of a proper notice, he then pays his immediate contractor, he does so at peril of finding himself with a *468 lien against his property which can only be lifted by paying the claim.
The 1957 amendment, adding the second paragraph of N.J.S. 2A:44-71 quoted above, was no empty legislative gesture. Prior to the amendment the owner had to look to the county clerk's records, if he was to be forewarned of the possibility of a mechanic's lien against his property. The amendment was meant to alert owners, particularly those who might be inexperienced and unfamiliar with the Mechanic's Lien Act, so that they would not be burdened with paying twice for the same labor and materials. Given clear and informative notice, an owner, when making payment to his contractor, could insist upon a release of lien or withhold sufficient monies to cover the lien claim.
To carry out the legislative intention the notice to be given to an owner should either set out the notice of intention as filed, in full (see N.J.S. 2A:44-72 for the contents of a notice of intention), or should apprise him of the essential elements thereof, including the fact, place and date of the filing; a description of the property, sufficient to identify it, to which the lien will attach; the name of the one for whom the labor is to be performed or to whom the materials are to be furnished; and the full name and address of the one for whose benefit the notice is filed.
Plaintiff's letter was not such as to alert the owners, but to lull. To a person like Benjamin Howell, or his sister, it was a friendly, congratulatory business letter, a letter of good will. It opens with "congratulations" on the choice of Castle Construction Co. and continues with an assurance that Castle (this "valued customer") would do an excellent job. Then follows the sentence, "For your protection, a Notice of Intention was filed" (italics ours). The letter ends "With best wishes."
"For your protection" was entirely misleading. A notice of intention is filed primarily for the protection of the materialman or laborer. The use of the phrase could only conceal the nature of the notice, fail to warn the Howells *469 of its function and lull them into disregarding it, with the result that they might pay Castle (as they apparently did) without insisting that it pay the amount owing plaintiff for the materials used in their house. The generally warm and friendly tone of the letter achieved the purpose, intended or not, of diverting the attention of the owners from its true significance  an effort at fulfilling the statutory condition for imposing a lien on their premises should plaintiff not be paid for the merchandise it furnished Castle. The notice was not clear, explicit, or informative.
Plaintiff contends that the mailing of the registered letter on May 9 alone fulfilled the statutory requirement; that it need have done nothing more, and should not now be prejudiced by the owners' confusion or misunderstanding upon receiving the letter after it had been remailed in an ordinary envelope. Apex Roofing Supply Co. v. H.W. Elliot Co., 52 N.J. Super. 522 (Cty. D. Ct. 1958), is cited in support of the proposition that the command of N.J.S. 2A:44-71, as amended, is satisfied by sending notification of the filing of the notice of intention by registered mail within five days of the date of filing, and that the date of receipt by the landowner is immaterial. But that is not what is in issue here. The real question is, did the letter as worded satisfy the statutory requirement of notice? Clearly, it did not, whether it reached the addressee on first mailing or not. Plaintiff chose to remail it, for reasons best known to itself. Mr. Howell received the letter in due course, and after reading it put it aside because he felt protected and therefore had no concern. The "soft" message of the writer had reached the innocent eye of the reader, who remained unenlightened as to its possible legal effect.
Plaintiff's brief states, "parenthetically," that the same form of notification of the filing of the notice of intention was employed in Elliot. Whether that be so or not  the opinion does not inform us of the language of the written notice that was sent  the issue of the sufficiency of the notice was not raised in that case, and therefore the decision *470 cannot be said to constitute authority for the legal sufficiency of the language used by plaintiff in its letter to the Howells.
Two other matters may here be mentioned. The first is that the letter was addressed to "Mr. & Mrs. Benjamin Howell." The owners were Benjamin and his sister Esther. No notice was ever sent to, given or received by Esther, nor was there any proof that the letter came to her attention.
Secondly, the proofs were that the major delivery of materials, $610.42 of the final total of $629.07, was made on May 5, 1958, the same day the notice of intention was filed. The complaint alleged that the mechanic's notice was filed May 5, "prior to having furnished any materials for the repair of the aforementioned premises." The answer denied this allegation, and so put plaintiff to its proof of this essential element of the case. Filing of a mechanic's notice of intention prior to the performing of any labor or the furnishing of any materials is a prerequisite condition of the statute. It nowhere appears that plaintiff established that the notice of intention was filed prior to the delivery of the materials to the site on May 5.
The judgment is affirmed.