**MALCOLM PRICE, INC., Appellant,**

v.

**Martin E. SLOANE et ux., Appellees.**

No. 6528.

District of Columbia Court of Appeals,

Argued Oct. 12, 1972.

Decided Aug. 24, 1973.

Bardyl Rifat Tirana, Washington, D. C., for appellant.

Donald B. Robertson, Washington, D. C., for appellee.

Before PAIR and HARRIS, Associate Judges, and HOOD, Chief Judge, Retired.

HARRIS, Associate Judge:

A contractor appeals from an order which dismissed its complaint seeking enforcement of a mechanic's lien. We conclude that the motion to dismiss was granted erroneously, and remand the cause for trial.

Malcolm Price, Inc. (Price) is a home improvement contractor. In February of 1971, Price entered into a written agreement with Mr. and Mrs. Martin E. Sloane, the appellees herein, pursuant to which Price was to renovate the basement of appellees' residence. While the contract itself provided that Price would be compensated on a cost plus 25 percent basis, it appears that an original estimate of approximately $7,000 (plus $850 for a boiler) was given. It was agreed that partial payments would be made by the Sloanes as work progressed.

The remodeling was begun, and work continued into May. Meanwhile, the Sloanes changed the plans in ways which added to Price's costs. By mid-May, two statements in the total amount of $5,750 had been received and paid by the Sloanes. On May 21, Price submitted a further bill in the amount of $4,616.11, and it then appeared that the ultimate cost of the project would exceed $12,000.

The Sloanes refused to pay the bill of May 21, and Price performed no further work after it was submitted. Counsel for the parties undertook extended negotiations. Efforts to settle the dispute formally were broken off on September 13, 1971, when counsel for Price advised counsel for the Sloanes by letter that their counter-offer was rejected and that a mechanic's lien would be asserted against the property. A

notice to such effect was filed with the Recorder of Deeds on November 4, 1971.[1]

The Sloanes moved to dismiss the complaint and quash the mechanic's lien, contending that neither had been filed within the time periods specified by D.C.Code 1967, §§ 38–102 and 38–115. The opposing pleadings included affidavits by both parties, and a number of exhibits were submitted by the contractor. Oral argument was held, and the motion to dismiss subsequently was granted.

The homeowners' motion cited Super.Ct. Civ.R. 12(b), and argued that the trial court lacked "jurisdiction over the subject matter" because the applicable limitation periods had expired. However, the trial court unquestionably had jurisdiction.[2] Since the record included affidavits and exhibits, the motion should have been treated as one for summary judgment under Super.Ct.Civ.R. 56.[3]

A motion for summary judgment may be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, and no genuine issue remains for trial." McConchie v. Realty Associates, Inc., D. C.Mun.App., 54 A.2d 862, 863 (1947), citing Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944). Further, "one who moves for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of fact, and . . . any doubt as to the existence of such an issue is resolved against the movant." Wittlin v. Giacalone, 81 U.S.App.D.C. 20, 21–22, 154 F.2d 20, 21–22 (1946).

■ Applying these principles, we must view the evidence in the light most favorable to the contractor, and determine whether any genuine issue of fact was presented. D.C.Code 1967, § 38–102 provides that a notice of mechanic's lien is timely only if filed within three months of the completion of construction. An action to enforce such a lien must be commenced within certain time limits which also are computed from the date of completion. D.C.Code 1967, § 38–115. It is, of course, not uncommon for a contractor to abandon a project prior to completion. When that occurs, the applicable time periods run from the date of abandonment. Harper v. Galliher & Huguely, Inc., 58 App.D.C. 252, 29 F.2d 452 (1928), cert. denied, 278 U.S. 657, 49 S.Ct. 185, 73 L.Ed. 565 (1929).

■ Neither set of pleadings below referred to the summary judgment procedures of Rule 56. While there thus was no specific averment of a genuine factual issue,[4] we conclude that Price's response to the motion to dismiss did "set forth specific facts showing that there is a genuine issue for trial." Super.Ct.Civ.R. 56(e).

That issue centered upon the mid-May work stoppage. The homeowners contended that work had been abandoned when the May 21 statement was submitted. The contractor argued that work was merely suspended when the Sloanes refused to pay that bill, and that there was no abandonment until September 13, when the homeowners' counter-offer definitively was rejected. The actual date of abandonment was a genuine issue of fact which properly could have been resolved only at trial.[5]

Reversed and remanded.

1. The notice of mechanic's lien was filed in the amount of $4,948.17, reflecting an increase of $332.06 based upon a further demand made by Price on July 30, 1971.

2. D.C.Code 1972 Supp., § 11–921(a)(2).

3. Cf. Super.Ct.Civ.R. 12(c); Harmatz v. Zenith Radio Corp., D.C.App., 265 A.2d 291, 292 (1970).

4. See Kron v. Young & Simon, Inc., D.C. App., 265 A.2d 293, 295 (1970).

5. If it is determined on remand that Price did abandon the project prior to May 21, a derivative factual question would arise as to whether the Sloanes are estopped to assert the limitations defense against the mechanic's lien. E. g., Begnaud v. White, 170 F.2d 323 (6th Cir. 1948); Delson v. Minogue, 190 F.Supp. 935 (E. D.N.Y.1961).