**Martin E. SLOANE et ux., Appellants,**

v.

**MALCOLM PRICE, INC., Appellee.**

No. 8794.

District of Columbia Court of Appeals.

Argued April 15, 1975.

Decided May 30, 1975.

David Melincoff, Washington, D. C., argued for appellants, DeLancey W. Davis and Donald B. Robertson, Washington, D. C., were on the briefs for appellants.

Bardyl R. Tirana, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and KERN and HARRIS, Associate Judges.

HARRIS, Associate Judge:

The disagreement between the parties over a home improvement contract is before the court for the second time. *See* Malcolm Price, Inc. v. Sloane, D.C.App., 308 A.2d 779 (1973). Mr. and Mrs. Sloane now appeal from a judgment (as amended) to en-force the mechanic's lien of Malcolm Price, Inc. We affirm.

Appellants and appellee contracted in February of 1971 for the renovation of the Sloanes' basement. The agreement called for the Sloanes to pay Price's costs plus 25 percent. The total contract price was estimated to be between $6,850 and $7,850 (including a new boiler). Work began in March. As work progressed, Price submitted two unitemized bills which were paid by the Sloanes. By mid-May, however, the estimated total cost to attain completion of the project had nearly doubled due to increased costs and changes in the original plans.

The Sloanes disputed the higher costs. In response, Price ceased work and submitted a third (this time itemized) requisition. Appellants refused to make further payment. Both parties engaged counsel, who undertook negotiations in an effort to reach a compromise on the amounts due and to arrange for completion of the project. The negotiations formally were broken off on September 13. On November 4, Price filed a notice of a mechanic's lien pursuant to D.C.Code 1973, § 38–102.

Price later sought enforcement of its lien in Superior Court. The Sloanes contended that Price had permitted more than 90 days to elapse after abandoning work, thereby defeating appellee's statutory right to file a mechanic's lien. Appellants' summary judgment motion was granted on that ground. We reversed, holding that summary judgment was inappropriate since the actual date of abandonment was a material factual issue as to which there was a genuine dispute. Malcom Price, Inc. v. Sloane, *supra*.

A trial was held on remand. The court found, *inter alia*, (1) that there was a valid cost-plus contract; (2) that the contract included cost estimates but did not guarantee a maximum cost range for the work to be performed; (3) that "abandonment" of work by appellee did not occur prior to September 13, 1971 (thus marking the be-

ginning of the three months provided for filing a mechanic's lien) ; and (4) that appellee was entitled to enforcement of the lien.

 As to the Sloanes' claim that abandonment occurred well before September 13, we find no cause to disturb the trial court's finding. The date of an abandonment, as reflected by our prior decision, is a question of fact dependent on more than the mere cessation of work. *See* Malcolm Price, Inc. v. Sloane, *supra*, 308 A.2d at 780. The record shows that between May and September the parties were engaged in efforts (through counsel) to resolve their differences and fulfill their respective obligations under the contract. There is substantial support in the record for the trial court's finding that no abandonment occurred prior to the termination of the mutual efforts to compromise. *See* D.C.Code 1973, § 17–305.

 The Sloanes also claim that the court erred in failing to determine the reasonableness of Price's costs, and in failing to rule that Price had the burden of proving their reasonableness. We disagree for several reasons. First, the suit arises from a claim to enforce a statutory mechanic's lien, and is not a suit on the underlying contract. *See generally* Fidelity Storage Corp. v. Trussed Concrete Steel Co., 35 App.D.C. 1, 9, 12–13 (1910), appeal dismissed, 325 U.S. 716, 32 S.Ct. 836, 56 L.Ed. 1270 (1911). Although such a lien may be founded on a contract, the right to the lien arises immediately when labor is perform-

ed or materials are furnished, or both, as a consequence of which value is added to the structure involved. *Ibid.*; D.C.Code 1973, § 38–101.[1] Only if it is claimed in defense that the labor or materials were not in fact provided, or were defective, may an obligor attempt to defeat a mechanic's lien. *See* Davis v. Alvord, 94 U.S. 545, 24 L.Ed. 283 (1877). The Sloanes make no claim that the work was not done or the materials were not furnished. To support its claim, Price described the work done and the materials used in the renovation of the basement, and set forth the charge for each element item-by-item. In the face of no demurrer to Price's showing of its performance, a lien properly arose. *See, e. g.,* Bangor Roofing & Sheet Metal Co. v. Robbins Plumbing Co., 151 Me. 145, 116 A.2d 664, 665 (1955) ; *cf.* House v. Fissell, 188 Md. 160, 51 A.2d 669, 671 (1947).

 Once a lien arises, § 38–101 operates to prescribe the amount thereof. Where the lien arises from work performed pursuant to a valid contract, where there is no dispute over the fact that labor and materials have been expended on and to the benefit of the building in accordance with the contract, and where no expenditure is challenged as unreasonable, the contract price is the measure of liability upon enforcement of the lien.[2] The statute requires no further proof of expenditures and no proffer of reasonableness to make a lien enforceable.

 Even if this case presented an issue only of liability under the contract, ap-

1. We see no problem in including a cost-plus contract within the intent of § 38–101. Although it once was contended that the "plus" element, *i. e.*, the contractor's overhead and profit percentage, was not technically within the ambit of "labor and materials", the general rule now is that such a contractual element is recoverable by means of enforcing a statutory mechanic's lien. *See* House v. Fissell, 188 Md. 160, 51 A.2d 669, 672 (1947). The statute provides that once work on a building is performed pursuant to a contract, that structure becomes subject to a lien "for the contract price agreed upon". We find noth-

ing in the statute purporting to limit the term "contract" to certain types of contracts, and read it to include the cost-plus type of contract involved here.

2. At a minimum, where (as here) neither the existence of a valid contract nor performance thereunder is disputed, the contract price is prima facie proof of the reasonable value of the contractor's services and, therefore, the amount recoverable. *See* Diener v. Cubbage, 259 Md. 555, 270 A.2d 471, 474 (1970) ; *cf.* Pendleton v. Sard, 297 A.2d 889, 891 (Me.1972).

pellants have failed to show that any particular expenditure was unreasonable, making instead only a general claim of unreasonableness. Price would be allowed to recover reasonable costs under applicable contract law. *See, e. g.*, Shaw v. Bula Cannon Shops, Inc., 205 Miss. 458, 38 So.2d 916, 918 (1949). Moreover, our examination of the record does not show "the aggregate cost upon the face of the account [to be] so excessive and unreasonable as to suggest gross negligence or fraud", *ibid.*, so as to justify compelling Price now to show reasonableness.[3]

Finally, the trial court's finding that the estimated total cost figure contained in the contract was not a maximum has substantial evidentiary support. *See* D.C. Code 1973, § 17–305. The agreement states that the estimated cost "depend[s] on details and finishes to be decided on", and the Sloanes acted consistently therewith when they agreed to various changes and additions which led to a higher ultimate cost. There being no error requiring reversal, the judgment appealed from is affirmed.

Affirmed.

---

3. Appellants did not raise this issue at trial, indicating its insubstantial nature and elevating the standard of our review to plain error.