174 N.J. Super. 616 (1980)
417 A.2d 110
BALDYGA CONSTRUCTION COMPANY, INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
DONALD A. HURFF, SR. AND DIANE F. HURFF, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 18, 1980.
Decided July 1, 1980.
*617 Before Judges MATTHEWS and POLOW.
John W. Gilbert argued the cause for appellants.
There was no appearance for respondent.
PER CURIAM.
This is an appeal pursuant to leave granted, from the denial of summary judgment in the Law Division. R. 2:2-4.
The procedural history and facts of the case are adequately set out in the trial judge's opinion which is reported at 164 N.J. Super. at 587 (Law Div. 1978).
The trial judge concluded:
It would be unreasonable and contrary to the remedial spirit of the mechanic's lien law to bar a subcontractor from recovery under its claim where it fully expected and was required by contract to return to complete its work, and such return was precluded by an abandonment and termination, not the fault of the subcontractor. In the present case, not to consider the abandonment and termination of the contract in determining the date of "last labor performed," would be to reach such a result. It would also leave this subcontractor, and subcontractors in a similar position, largely at the mercy of owners and general contractors. [at 594]
We disagree and reverse.
Contrary to the trial judge's assumption that the call for strict construction of the mechanic's liens statutes might, in *618 many cases, be softened by the facts of a particular case, the language of our cases commands otherwise. Thus, in Friedman v. Stein, 4 N.J. 34 (1950), it was stated:
The mechanic's and the materialman's liens had their genesis in the civil law. They are unknown to the common law; and they have had no recognition in equity except as prescribed by statute. [Citations omitted]. Thus it is that these liens are exclusively statutory in origin; and, being in derogation of the common law, the provisions of the statute giving rise to the lien are to be strictly construed, while the provisions for the enforcement of the lien thereby created are to be liberally construed to effectuate the remedial statutory policy of providing priority of payment of the price or value of work performed and materials furnished in the erection or reparation of a building or other structure and this wise the security of the land and buildings for the payment of that which has made for an assumed enhancement of the value of the property. [Citations omitted].
The claim for labor and materials is a property right which does not ripen into an enforceable lien on the land and building until there has been substantial compliance with all the statutory conditions prerequisite. This is a familiar rule of construction. It is fundamental that the lien does not materialize until all the statutory requisites are met. This by legislative ordinance. [Citations omitted]. The statutory lien is separate and distinct from the underlying debt; the lien affords a cumulative remedy for the enforcement of the debt. [Citation omitted]. The claimant's status is that of a general creditor until those things are done which give him the security of the statutory lien. Until then, the lien is inchoate merely. [at 40-41]
Nor does the holding of the former Court of Errors and Appeals in Derrickson v. Edwards, 29 N.J.L. 468 (E. & A. 1861), support the action taken by the trial judge. The language in Derrickson relied on by the trial judge:
First, that the contract is an entirety, and that, in the contemplation of the statute, the work and materials cannot be considered as furnished until the whole contract was completed. Neither the language of the act, nor any intention which can be collected from it, requires a mechanic working under a contract to file lien claims from week to week, as his work progresses. [29 N.J.L. at 470-471]
does not support the conclusion he reached in denying judgment below. Putting aside the fact that Derrickson was decided under a statute which has long since been amended, a fair reading of Derrickson indicates that the contract referred to by Judge Ogden was the contract between the defendants in error (Edwards) and Derrickson, and not the general contract for the construction of the entire project. There, the lien claim was found to have been filed in a timely manner since the last work *619 under the contract in question had been performed within the period established for the filing of a claim under the statute  12 months. Here, the claim of plaintiff was filed well beyond the statutory four-month period and, therefore, cannot be maintained.
We can find no basis for support of the trial judge's holding in Malcolm Price, Inc. v. Sloane, 308 A.2d 779 (D.C.App. 1973), aff'd on remand 339 A.2d 43 (D.C.App. 1975). The District of Columbia opinion involves the construction of sections (§§ 38-102 and 115) of the District of Columbia Code 1967. The District legislation is not similar to ours, and, accordingly, we do not find the Malcolm Price case apposite.
Where a subcontractor performs work on a job over a period of time, the statutory period for filing a mechanic's lien claim does not begin to run until the work under that subcontract has been completed or the materials furnished. It is not necessary for a subcontractor to file a separate claim each time he performs work on or delivers material to the job. See Rigberg v. Narduc Development Corp., 47 N.J. Super. 588, 592 (Ch.Div., 1957). This principle does not support the conclusion that a subcontractor's time for filing a claim is extended until the entire job is completed under the master contract.
The judgment of the Law Division is reversed.