F. M. WEAVER, INC., A PENNSYLVANIA CORPORATION, PLAIN-
TIFF-RESPONDENT, v. THE DUNES HOTEL AND CASINO OF
ATLANTIC CITY, INC., AND THE DUNES HOTEL AND CASI-
NO, INC., DEFENDANTS-APPELLANTS, AND DFS CON-
STRUCTION COMPANY OF AMERICA, INC.; BETHLEHEM
STEEL CORPORATION; LABOV WALLACE; PROGRESS CAP-
ITAL INC.; JOSEPH FABI, INC.; MIDSTATE PRECAST SYS-
TEM, INC.; FRANKI FOUNDATION COMPANY, DEFEND-
ANTS.

Superior Court of New Jersey
Appellate Division

Argued January 12, 1982—Decided February 3, 1982.

Before Judges BOTTER, ANTELL and FURMAN.

*Horn, Kaplan, Goldberg & Gorny,* for appellants, filed a brief on their behalf but did not argue the cause (*Thomas C. Bonner,* of counsel and on the brief).

*Edward A. Zunz, Jr.* argued the cause for respondent (*Riker, Danzig, Scherer & Hyland,* attorneys; *Mark A. Baber* on the brief).

The opinion of the court was delivered by

ANTELL, J. A. D.

Defendants Dunes Hotel & Casino of Atlantic City, Inc. and Dunes Hotels & Casinos, Inc. (hereinafter "Dunes"), appeal from an order for summary judgment dated July 17, 1981 on a mechanics' lien claim in the amount of $1,789,127.13. Plaintiff is a structural steel subcontractor for a casino/hotel construction project. It holds a lien claim under a mechanics' notice of intention assertedly served on defendants and filed in the office of the Atlantic County Clerk on August 17, 1979. The value of the labor and materials furnished after filing of the notice is supplied in a certification signed by plaintiff's board chairman after making due allowance for $253,250 for payments already made.

Citing *Judson v. Peoples Bank & Trust Co. of West-field*, 17 *N.J.* 67, 74 (1954), and cases following, defendants first contend that plaintiff has failed to demonstrate the absence of any genuine issue as to all material facts challenged. It maintains that "a substantial issue as to the amount of work performed prior to August 17, 1979" remains. The "work" referred to chiefly involves fabrication of the materials furnished and other off-site labor of a preparatory nature. Normally, such preparatory efforts are not separated from the claim of a lien for the materials. 53 *Am.Jur.2d, Mechanics Liens*, § 102 at 614. Although *N.J.S.A.* 2A:44–71 precludes the imposition of a mechanics' lien for "labor performed or materials furnished prior to the filing ... of a mechanics notice of intention ...," it is evident to us that this is addressed to "labor performed" at the job site in connection with the actual furnishing or installation of the materials. The statutory language does not apply to work on the materials furnished which is done in preparation for delivery and use. The value of the preparatory work is incorporated into the price of the materials themselves which, in this case, were delivered to the site after the notice of intention was filed.

 Defendants next contend that a fact question exists as to the sufficiency with which the notice of intention designates the land to be covered by the lien claim. The lands were described as "Dunes Hotel & Casino Atlantic and Albany Avenues Atlantic City, New Jersey." *N.J.S.A.* 2A:44–72 requires only that the notice of intention contain a "description of the land sufficient to identify it . . . ." No particular form of description, such as by metes and bounds, is required. The purpose of the notice is to inform the owner that "his property may become liable for the labor provided or the materials used in improving it." *Apex Roofing Supply Co. v. Howell,* 59 *N.J.Super.* 462, 467 (App.Div.1960). It has nowhere been demonstrated or suggested that the description contained in the notice of intention was in any way ambiguous or misled defendants to their detriment. We therefore find this contention to be without merit.

Defendants' final point is that fact questions remain as to the validity of plaintiff's service of the notice of intention upon defendants. Our examination of the record satisfies us that no question exists as to the fact of service by Walter Bucher upon Bennett Strahan at the Dunes office in Atlantic City; that Bucher explained to Strahan the purpose of his visit; that Strahan was in charge of the office and signed a receipt for the notice. Nor do we find any question as to whether service could effectively have been made upon Strahan, who was the project director.

Affirmed.