228 N.J. Super. 155 (1988)
549 A.2d 72
PORT LIBERTE PARTNERS, PLAINTIFF,
v.
STROBER BROTHERS, INC., STRUCTURAL SYSTEMS CO., INC. UNITED STAIRS CORPORATION AND METCORP, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division Hudson County.
Decided August 12, 1988.
*157 John R. Frieri for plaintiff Port Liberte Partners, (Peckar & Abramson)
Joseph C. Amann for defendant Strober Brothers, Inc. (Deutch, Shur & Nord)
RODRIGUEZ, J.S.C.
The primary issue before the court is whether a materialman or subcontractor is precluded from filing a mechanics' notice of intention by reason of the prior filing of a construction management agreement. In other words, is such an agreement to be considered a contract within the meaning of N.J.S.A. 2A:44-75? The facts are not in dispute. Plaintiff is a limited partnership which owns real property on the Jersey City waterfront. On January 2, 1986, plaintiff entered into a construction management agreement with Sordoni Construction Co. (Sordoni) for the construction of a project known as Port Liberte Condominiums. The agreement was then filed with the Hudson County Clerk. Subsequently construction of the condominiums began. Defendants *158 are all materialmen or subcontractors who have filed mechanics' notices of intention against the property pursuant to N.J.S.A. 2A:44-71. Plaintiff has demanded that all defendants discharge their mechanic's notices of intention since they are barred by reason of the filing of the construction management agreement (N.J.S.A. 2A:44-75). Defendant Strober Brothers, Inc. (Strober) refuses to comply. Plaintiff now brings this action to compel Strober to show cause why the mechanics' notice of intention should not be discharged.
New Jersey's Mechanics' Lien statute, N.J.S.A. 2A:44-64 et seq. creates a right in persons furnishing materials or performing labor for the erection, alteration or repair of a building. This right is a lien against the real property. N.J.S.A. 2A:44-66. Another section of the statute, N.J.S.A. 2A:44-75, provides in pertinent part: "If a building is erected, constructed, completed, altered, repaired or added to  under a written contract, signed by the owner  the building and the land on which it stands shall  be liable to the lien of the contractor alone for labor performed or materials furnished  if the contract  [is] filed with the proper county clerk  ." The effect of this section is to create a lien in favor of the contractor and to preclude anyone else from filing a notice of intention. Laborers and materialmen however, have "stop notice rights," pursuant to N.J.S.A. 2A:44-77 to -80, against the contract proceeds. In summary, the statutory scheme is that mechanics' lien and stop notice rights are mutually exclusive remedies. The former create a lien against real estate, and the latter a right against the contract proceeds. The applicability of remedy depends on the existence of a written and filed contract which meets the statutory criteria. Jos. L. Muscarelle, Inc. v. Central Iron Mfy. Co. 379 F.2d 715 (3d Cir.1967); Shore Block Corp. v. Lakeview Apartments, 377 F.2d 835 (3d Cir.1967); Solondz Bros. Lumber Co. v. Piperato, 28 N.J.Super 414 (App.Div. 1954). Plaintiff asserts that it has complied with N.J.S.A. 2A:44-75. Defendant Strober argues that the construction management agreement between plaintiff and Sordoni does not *159 establish the requisite contractor relationship so as to bar the filing of a mechanics' notice of intention. The court disagrees. Due to the recent emergence in the industry of construction management agreement, the issue transcends this particular litigation.
Mechanics' and materialman's liens are exclusively statutory in origin and provisions of statute giving rise to lien are to be strictly construed, while provisions for enforcement of lien thereby created are to be liberally construed. Baldyga Const. Co., Inc. v. Hurff, 174 N.J. Super. 616 (App.Div. 1980). N.J.S.A. 2A:44-80 provides that upon receipt of a legitimate "stop notice" from a materialman, the owner will pay the amount claimed and deduct it from the moneys owed to the contractor. Mechanics' lien statutes are remedial and are designed to guarantee effective security to those who furnish labor or materials used to enhance the value of the property of others, and, where the terms of the statute reasonably permit, the law should be construed to effect this remedial purpose. J.R. Christ Constr. Co. v. Willete Assocs., 47 N.J. 473, 477 (1966). In order for the stop notice provisions of the Mechanics' Lien Law to provide effective security to materialmen, the proceeds to be received by the contractor must include the actual cost of labor or material. A construction management agreement which provides compensation merely for services rendered by the construction manager would not provide adequate security to materialmen and laborers. The value of the contruction manager's services may be less than the aggregate amount of all potential claims. Since N.J.S.A. 2A:44-80 gives the owner of property an allowance towards the settlement of accounts with the contractor for any claims paid to laborers and materialmen, it follows that the contractor must be obligated to pay those claims under the terms of the contract. Otherwise, the owner would be unjustly enriched.
The agreement between plaintiff and Sordoni is contained in a series of contract documents which are specifically *160 enumerated therein. Pre-printed standard forms drafted by the American Institute of Architects with specific typewritten modifications comprise the format. The contract is a complete and detailed memorialization of the parties' entire agreement. The bases of compensation to the Construction Manager are detailed in paragraphs 15.1 to 15.62. They cover basic services during the preconstruction and construction phases, additional services and reimbursable costs. The services and responsibilities of Sordoni are set forth in forty-three numbered paragraphs found in Article I. These responsibilities fall generally in the categories of evaluation, review, coordination, monitoring, budgeting and cost accounting for the project. The construction management agreement is essentially a service contract. The fees to be paid to the construction manager are not for the actual erection or construction of a building but for services rendered to the owner in connection with the project. Technically, the agreement does not call for a general contractor. The owner, with the assistance of the construction manager, exercises the function of a general contractor. In a practical sense, however, the owner has delegated this function to the construction manager. Paragraph 1.2.7.1 reads:
The Construction Manager shall be solely responsible for construction means, methods, techniques, sequences and procedures employed by subcontractors in their performance of their contract, and shall be responsible for the failure of any subcontractor to carry out Work in accordance with the Contract Documents.
Paragraph 5.2.1 of the Addendum to the General Condition of Contract reads:
The Construction Manager is responsible for subcontracting and material purchases and all such contracts will be between him and the various subcontractors and vendors. The Construction Manager is responsible for payment to the various subcontractors and vendors in accordance with his standard form of Subcontract or Agreement for Purchase of Materials.
Paragraph (j)7.2.2 of the Construction Management Agreement Addendum reads:
Payment to the Construction Manager for work performed by subcontractors pursuant to subcontracts and in accordance with the previsions of Article 9 of the General Conditions are subject to retention as agreed upon between Owner and Construction Manager.
*161 Paragraph 9.1.2. of the Addendum to the General Conditions of the Contract for Construction reads:
The Subcontractor sum is stated in the Construction Manager  Subcontractor Agreement and, including authorized adjustments thereto, is the total amount payable by the Owner to the to the Construction Manager and the Construction Manager to the subcontractor for the performance of the work of that subcontract. [emphasis added]
The contract terms cited above place the construction manager in the same relationship vis-a-vis laborers and materialmen as that of a general contractor in all respects, including the obligation of payment. Although the construction management agreement between plaintiff and Sordoni is not expressly a contract for the erection of a building, it has all the characteristics of a general contract, and provides effective security to materialmen and laborers. Therefore, the court concludes that the filing of the agreement by plaintiff precludes the filing of subsequent mechanics' notice of intention. Accordingly, judgment is granted to plaintiff discharging of record defendant Strober's notice of intention.
Plaintiff's application for attorneys fees based on N.J.S.A. 2A:44-116 is denied. That section of the statute permits attorneys fees only where a person "has been paid, satisfied, or settled" as to its claim and still refuses to discharge the mechanics' notice of intention. Those are not the facts in this case.