616 A.2d 939

CITICORP MORTGAGE CO., INC., A DELAWARE CORPORATION, PLAINTIFF–RESPONDENT, v. KLAUDER AND NUNNO ENTERPRISES, INC., A NEW JERSEY CORPORATION, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 2, 1992—Decided November 23, 1992.

334

Before Judges SHEBELL, A.M. STEIN, and CONLEY.

*Taylor, Denker & Boguski,* attorneys for appellant (*Michael A. Taylor,* on the brief).

*Ford and Flower,* attorneys for respondent (*Willis F. Flower,* on the brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

This is an appeal from the court-ordered discharge of a building contract filed with the Cape May County Clerk. Plaintiff, Citicorp Mortgage Co., Inc., filed a verified complaint and obtained an order to show cause in the Chancery Division, General Equity Part, against defendant Klauder and Nunno Enterprises, Inc. seeking the discharge of a building contract that was recorded against property securing a mortgage held by plaintiff. The chancery judge entered an order directing the county clerk to discharge the building contract. We affirm.

On September 18, 1987, Hereford Associates, Inc. (Hereford) entered into a written contract with defendant for the construction of twenty-four condominium units in a condominium development called "Aqua Beach Condominiums," on property it owned in Cape May County. On January 14, 1988, the building contract was filed in the Office of the Clerk of Cape May County, indexed as Building Contract # 4766.

On January 31, 1989, Unit B 106 of the Aqua Beach project was sold to Robert Mitchell. Plaintiff provided Mitchell with a loan to purchase the unit. The loan was secured by a mortgage, dated January 31, 1989, on the property. The mortgage and deed were recorded on February 27, 1989. Garden State Title Insurance Agency did not include the recorded building contract in its title report. According to defendant, it was not aware of Mitchell's purchase until December 1990 when plaintiff asked defendant to discharge the building contract.

On May 31, 1989, defendant stopped working on the Aqua Beach project because Hereford failed to make payments as required under the building contract. Hereford filed a bankruptcy petition under Chapter 11 of the United States Bank-

ruptcy Code in the United States Bankruptcy Court for the District of New Jersey on April 6, 1990.

On March 22, 1990, plaintiff filed lis pendens # 7652 to foreclose on the mortgage secured by Unit B 106. In connection with the foreclosure action, plaintiff filed an action to have building contract # 4766 discharged from the property.

*N.J.S.A.* 2A:44–71 to –77 provides two methods for securing protection for the payment of labor and materials. *Consolidated Precast, Inc. v. Action Builders Co., Inc.*, 190 *N.J.Super.* 92, 97, 461 *A.*2d 1214 (App.Div.), *certif. denied,* 94 *N.J.* 595, 468 *A.*2d 230 (1983). The claimant must satisfy all of the statutory requirements to create a valid mechanic's lien. *Apex Roofing Supply Co. v. Howell,* 59 *N.J.Super.* 462, 467, 158 *A.*2d 49 (App.Div.1960).

Under the first procedure, the claimant files a mechanic's notice of intention before supplying any labor or materials. *N.J.S.A.* 2A:44–71. A copy of the notice of intention must be served on the record owner of the property within five days of the filing. *Id.* Additionally, a lien claim must be filed within two years of the filing of the mechanic's notice of intention unless the time to file the lien claim has been extended by filing another notice of intention within that two-year period. *Id.* Finally, a lien claim and an action to enforce it must be filed within four months after the claimant last supplied labor or materials unless an appropriate extended period exists. *N.J.S.A.* 2A:44–91, 2A:44–98; *see Chesebro–Whitman Co., Inc. v. Edenboro Apts., Inc.,* 86 *N.J.Super.* 422, 427, 207 *A.*2d 186 (App.Div.1965).

The second available procedure permits the filing of a construction contract against the property where the contract has been signed by the record owner. *N.J.S.A.* 2A:44–75. The statute provides that where labor and materials are supplied

under a written contract, signed by the record owner of the estate or interest in the land which is to be charged with a lien under this article, the building and the land on which it stands shall ... be liable to the lien of the contractor alone

for labor performed or materials furnished pursuant to the contract, if the contract or a duplicate thereof, together with the specifications accompanying the contract or a copy or copies thereof, are, before the labor is performed or materials furnished, filed with the proper county clerk.... The filing of such contract shall be in lieu of filing a mechanic's notice of intention under this article. [*N.J.S.A.* 2A:44-75].

This statutory provision was enacted to protect the owner from mechanics' liens filed by subcontractors for labor and materials which are costs included in the contract. *Chesebro–Whitman, supra,* 86 *N.J.Super.* at 426, 207 *A.*2d 186. When the contract is recorded, only a contractor who is a party to the contract may impose a lien against the property for labor and materials. *Consolidated Precast, supra,* 190 *N.J.Super.* at 97, 461 *A.*2d 1214. A subcontractor's only recourse against the owner is to file a stop notice, which is a claim against the contractor's proceeds under the contract. *Id.; Port Liberte Part. v. Strober Bros., Inc.,* 228 *N.J.Super.* 155, 158, 549 *A.*2d 72 (Law Div.1988).

■ The plain language of *N.J.S.A.* 2A:44-75 provides that the contract is filed in lieu of a mechanic's notice of intention. Although the recorded contract substitutes for the mechanic's notice of intention required under *N.J.S.A.* 2A:44-71, the language of *N.J.S.A.* 2A:44-75 does not provide that the recorded contract constitutes a lien claim. Clearly, the filing of the mechanic's notice of intention is only the first requirement for perfecting a lien under *N.J.S.A.* 2A:44-71. Moreover, *N.J.S.A.* 2A:44-91 specifically requires that:

Every person intending to claim a lien under this article shall, and no debt shall be a lien by virtue of this article unless the claimant shall, within 4 months after the date of the last labor performed or the materials furnished for which the debt is due, file his lien claim with the proper county clerk, as in this article provided. [*N.J.S.A.* 2A:44-91].

Therefore, a general contractor is required to file a lien claim to create a lien against the property even though the contract is recorded pursuant to *N.J.S.A.* 2A:44-75.

■ In the present case, the contract was recorded on January 14, 1988. Defendant concedes that it stopped working on the Aqua Beach project on May 31, 1989. Defendant failed to

file a lien claim within four months after it last furnished labor and materials. Defendant's assertion that a lien claim was created against the property when the building contract was recorded is in error. Defendant failed to perfect its mechanic's lien because a claim was not filed within the four-month period after defendant last supplied labor or materials to the project. "Failure to file such claim in the manner or within the time provided by this article ... shall free the land and the building from the lien for the matters mentioned in such claim." *N.J.S.A.* 2A:44–92.

■ An interested party, may petition to discharge a lien claim or mechanic's notice of intention if "[t]he lien claimant has failed to file such lien claim within the time and in the manner provided by sections [*N.J.S.A.*] 2A:44–91 and [*N.J.S.A.*] 2A:44–92...." *N.J.S.A.* 2A:44–119c1. Plaintiff, as an interested party, was entitled to petition to discharge the recorded contract. The trial court correctly ruled in plaintiff's favor because of defendant's failure to comply with the statutory requirements necessary to perfect a mechanic's lien.

■ Defendant, nonetheless, maintains that even though a lien claim was not filed, the contract takes priority over the mortgage because *N.J.S.A.* 2A:44–88 indicates that a mortgage takes precedence over other liens when a mechanic's notice of intention has not been filed against the property. Defendant reasons that because the contract was filed before the mortgage was recorded and because the recorded contract substitutes for the mechanic's notice of intention, the contract therefore has priority over the mortgage.

Defendant's reliance on *N.J.S.A.* 2A:44–87 and 2A:44–88 is misplaced. *N.J.S.A.* 2A:44–88 relates to the priority between liens and mortgages. Under *N.J.S.A.* 2A:44–91, a debt is not a lien unless the claimant has filed a lien claim. Therefore, *N.J.S.A.* 2A:44–88 presupposes that the priority is being determined between a valid lien and a valid mortgage. In this case, the provisions of *N.J.S.A.* 2A:44–88 would not apply to defen-

dant's filed contract because the contract does not meet the statutory requirements for a perfected lien.

Further, defendant's reliance on *National Community Bank of N.J. v. Seneca–Grande, Ltd.*, 202 *N.J.Super.* 303, 494 *A.*2d 1043 (App.Div.1985) is also misplaced. In that case, the claimant abandoned his right to a lien claim, seeking instead to recover under the mortgage it accepted as security for labor and materials that it had supplied. *Id.* at 308, 494 *A.*2d 1043. Therefore, the court was assessing whether the claimant had priority over a construction loan based on the subordination clause in the mortgage agreement. The court held that the lack of a lien claim did not alter the priority of the mortgage because the priority of that mortgage was governed by the court's interpretation of the subordination clause. *Ibid.*

The priority of the mortgage in the present case is dependent on whether a valid lien claim existed. If defendant had properly perfected the lien claim, the recorded contract would have priority over its mortgage. However, defendant's failure to file a lien claim entitled plaintiff to have the contract discharged. After the court ordered the discharge, plaintiff's mortgage had priority.

■ Defendant's assertion that it was plaintiff's obligation to exercise due diligence in seeking a release from defendant before entering into the mortgage with Mitchell is without merit. Plaintiff risked having a subordinate priority if defendant perfected a mechanic's lien against the property. Defendant has no lien against the property due to its failure to satisfy the statutory requirements for perfecting a mechanic's lien.

Affirmed.