**Raiford C. McBRIDE, Appellant,**

v.

**PIZZA HUT, INC., Appellee.**

No. 94–CV–642.

District of Columbia Court of Appeals.

Submitted April 13, 1995.

Decided May 15, 1995.

Inez Smith Reid, Washington, DC, was on the brief for appellant.

Randall M. Starrett II and James F. Bromley, Washington, DC, were on the brief for appellee.

Before FERREN and STEADMAN, Associate Judges, and NEWMAN, Senior Judge.

FERREN, Associate Judge:

Appellant, Raiford C. McBride, challenges the trial court's grant of summary judgment for appellee, Pizza Hut, Inc., contending the trial judge erred in holding that appellee was entitled to judgment as a matter of law. Concluding that the communications on which appellant based his defamation and injurious falsehood claims were absolutely privileged, we affirm.

## I.

Pizza Hut hired appellant as a dishwasher in April 1987, and, soon thereafter, he became a waiter. In late August 1992, while appellant was busy with other customers, one of his customers walked out without paying a $12 bill. Appellant offered to pay this bill himself, but the manager discharged him.

Sometime around January 1993, appellant applied for unemployment compensation based on his employment at Pizza Hut. On February 25, 1993, the District of Columbia Department of Employment Services (DOES) sent appellant a "Determination by a Claims Examiner" stating that he was ineligible for unemployment compensation because he had been discharged from his job for theft, which constituted "willful misconduct."

On May 6, 1993, appellant, through counsel, wrote to Pizza Hut asking for a retraction of the "unfounded accusation of theft" and "a letter of reference regarding his past employment at Pizza Hut." Appellant's letter stated that "failure to respond positively to these requests will leave us with no alternative but to pursue relief for defamation." On September 1, 1993, Pizza Hut's counsel wrote to appellant's counsel, replying that Pizza Hut had investigated the circumstances surrounding appellant's termination and that it would, accordingly, change appellant's termination form to reflect that he had been terminated for "failure to follow cash control policies."

Appellant filed suit on February 25, 1994, alleging defamation and injurious falsehood.[1] Pizza Hut moved for dismissal of appellant's complaint or, in the alternative, for summary judgment on the grounds that (1) appellant's defamation action was time-barred because it was "based on events and communications that occurred more than a year before this

---

1. In his complaint, appellant claimed defamation on the basis that "[t]he statements made by Pizza Hut about [appellant] and to the Department of Employment Services are false, incorrect, misleading, untrue and defamatory of the character and honesty of [appellant]." Appellant also alleged injurious falsehood, stating that "Pizza Hut, with intent to cause harm, with recklessness, and with spite or ill will, made statements to the public, through the District of Columbia Department of Employment Services to the effect that [appellant] is a thief."

action was originally commenced," [2] and (2) its communication with DOES could not form a basis for a libel action because it was absolutely privileged.

Appellant opposed Pizza Hut's motion, arguing that the September 1, 1993 letter from Pizza Hut's counsel to appellant's counsel contained defamatory statements that were not privileged and were within the one-year period of limitations.[3] In reply, Pizza Hut stated that (1) the September 1, 1993 letter did not constitute publication to a third party because it had been sent to appellant's counsel (his agent) in response to counsel's May 6, 1993 letter, and that (2) in any case, the September 1, 1993 letter was protected by an absolute privilege because it was matter published "preliminary to a judicial proceeding."

By an order dated April 29, 1994, the trial judge granted appellee's summary judgment motion. The judge also noted that "[e]ven without consideration of the exhibits accompanying [appellee's] motion, the Court would grant the 12(b)(6) motion to dismiss on privilege and statute of limitations grounds." Appellant challenges this decision.

## II.

A motion for summary judgment is properly granted where "(1) taking all reasonable inferences in the light most favorable to the non-moving party, (2) a reasonable juror, acting reasonably, *could not* find for the nonmoving party, (3) under the appropriate burden of proof." *Nader v. de Toledano*, 408 A.2d 31, 42 (D.C.1979), *cert. denied*, 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980). In addition, summary judgment is an appropriate remedy when "there are no material facts in issue and when it is clear that the moving party is entitled to judgment as a matter of law." *Willis v. Cheek*, 387 A.2d

716, 719 (D.C.1978). Any doubt as to the existence of such issues must be resolved in favor of the non-moving party. *See Malcolm Price, Inc. v. Sloan*, 308 A.2d 779, 780 (D.C. 1973), *aff'd.*, 339 A.2d 43 (D.C.1975).

In his complaint, appellant alleged defamation and injurious falsehood on the basis of Pizza Hut's statement to DOES that appellant had been discharged for theft. This communication, however, cannot support either a defamation action or an injurious falsehood claim because it is absolutely privileged. *Elliot v. Healthcare Corp.*, 629 A.2d 6, 9 (D.C.1993) ("As a matter of law, a report to the Unemployment Compensation Board 'is absolutely privileged.'") (citing *Goggins v. Hoddes*, 265 A.2d 302, 303 (D.C. 1970)).

In his opposition to Pizza Hut's summary judgment motion, however, appellant also maintained that his complaint incorporated the September 1, 1993 letter from Pizza Hut's counsel to appellant's counsel advising that Pizza Hut would change appellant's records to reflect that appellant had been discharged for "failing to follow cash flow policies." [4] According to appellant, this letter was defamatory, was not privileged, had been published to a third party, and was not time-barred.

As Pizza Hut has contended, an attorney's publication of defamatory matter in "communications preliminary to a proposed judicial proceeding" is absolutely privileged under RESTATEMENT (SECOND) OF TORTS § 586:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in *communications preliminary to a proposed judicial proceeding*, or in the institution of, or during the course of and as a part of, a judicial proceeding in

---

2. DOES's letter to appellant was dated February 23, 1993, and was mailed to him on February 25, 1993. Appellant filed his complaint on February 25, 1994.

3. In his opposition to Pizza Hut's motion, appellant also maintained that the statute of limitations had been tolled until appellant received the DOES letter, and that the one-year limitation period did not apply to appellant's injurious falsehood claim.

4. We note that appellant's complaint does not specifically mention the September 1, 1993 letter as a basis for the alleged defamation and injurious falsehood claims. However, in appellant's opposition to Pizza Hut's summary judgment motion, he contended that this letter was defamatory, and Pizza Hut has joined issue on that contention.

which he participates as counsel, *if it has some relation to the proceeding.* [Emphasis added.]

For example, *Conservative Club of Washington v. Finkelstein,* 738 F.Supp. 6, 14 (D.D.C. 1990), concerned a slander of title claim based upon an attorney's statements to a prospective purchaser that there was a problem with the title to property sought to be subdivided, and that unless his clients (adjoining landowners whose consent was needed for a resubdivision application) received $100,000, a lawsuit would be filed which could tie up the property for two to three years. The district court held the statements were absolutely privileged.

> The fact that the [allegedly slanderous] statements were made prior to the filing of an action ... does not ... defeat the privilege.... [T]he statements were made in contemplation of litigation to the very individuals who would have an interest in the outcome of such litigation.... [T]here is a strong public policy in favor of individuals privately resolving their disputes without resort to the judicial process.

*Id.*[5]

In this case, the September 1, 1993 letter was written in reply to appellant's May 6, 1993 letter that demanded a retraction of all charges against appellant and added that, if Pizza Hut failed to comply, appellant would "have no alternative but to pursue relief for defamation"—a clear, unequivocal threat of a lawsuit. Thus, although the September 1, 1993 letter was written before institution of legal proceedings, we conclude as a matter of law, based on the language, that this letter responded to a "communication[ ] preliminary to a proposed judicial proceeding" under serious consideration. RESTATEMENT (SECOND) OF TORTS § 586; *see Conservative Club of Washington,* 738 F.Supp. at 14. Furthermore, the September 1, 1993 letter informed appellant that Pizza Hut did not believe that he had "suffered any damages as a result of the reason given on the termination form" because Pizza Hut's policy was to "provide only dates employed and position held to any future employer." It is apparent that the letter sought to provide information geared toward avoiding the proposed litigation and, as such, it had "some relation" to the litigation proposed in appellant's counsel's May 6, 1993 letter. RESTATEMENT (SECOND) OF TORTS § 586. Consequently, we conclude that the September 1, 1993 letter allegedly providing a basis for appellant's defamation claim was absolutely privileged as a matter of law. Moreover, this absolute privilege applies to appellant's injurious falsehood claim as well. *See* RESTATEMENT (SECOND) OF TORTS § 635 ("The rules on absolute privilege to publish defamatory matter stated in Sections 583 to 592A apply to the publication of an injurious falsehood.").

In sum, because all Pizza Hut's allegedly defamatory statements were absolutely privileged, and because there were no material issues of fact to be resolved at trial, Pizza Hut was entitled to judgment as a matter of law.[6]

*Affirmed.*

---

5. *See also Pinto v. Internationale Set, Inc.,* 650 F.Supp. 306 (D.Minn.1986) (letter in which attorney informed salesmen's new employer that "litigation for huge compensatory and punitive damages will certainly be instituted against the appropriate parties for fraud and misrepresentation" attributable to salesmen's change of employment was absolutely privileged as "preliminary to a proposed judicial proceeding"); *Sriberg v. Raymond,* 370 Mass. 105, 345 N.E.2d 882 (1976) (attorney's letter to prospective defendant that contained allegedly libelous matter and indicated that "suit would be instituted" if his demands were not met would be absolutely privi-

leged if it related to a proceeding contemplated in good faith and under serious consideration).

6. Appellant also contends that dismissal or summary judgment without a hearing was an abuse of trial court discretion because Pizza Hut had supplied no affidavit in support of its motion and because discovery had not been completed. Appellant argues that because of these omissions, the trial judge improperly deprived him of the opportunity to provide testimonial and documentary evidence. These contentions have no merit. Appellant himself relies on Pizza Hut's Septem-

ber 1, 1993 letter to appellant's counsel, so no affidavit concerning that determinative piece of evidence was required. Furthermore, appellant filed no motion under Super.Ct.Civ.R. 56(f) for deferral of summary judgment to permit "depositions to be taken or discovery to be had."

Finally, to the extent that appellant may be relying on the general reference in the complaint to "unprivileged statements" as sufficient to

withstand summary judgment, such an assertion cannot prevail in view of the specificity requirements of Super.Ct.Civ.R. 56(e). *See, e.g., Beard v. Goodyear Tire & Rubber Co.,* 587 A.2d 195, 198–99 (D.C.1991) ("Conclusory allegations by the non-moving party are insufficient to establish a genuine issue of material fact or to defeat the entry of summary judgment.").